**Ernest Lee SONNIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00988–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 16, 1988.

Gary C. Bowers, Humble, Harold J. Laine, Jr., Beaumont, for appellant.

Dominick D. DeRose, Houston, for appellee.

Will Gray, Ken J. McLean, Houston, for appellant.

John B. Holmes, Dist. Atty., Roe Morris, Asst. Dist. Atty., Harris County, for appellee.

Before EVANS, C.J., and SAM BASS and DUGGAN, JJ.

DUGGAN, Justice.

After a jury found appellant guilty of aggravated kidnapping, he entered a plea of true to an enhancement allegation. The jury assessed punishment at life and a $10,-000 fine. Appellant asserts one point of error.

At approximately 9:30 p.m. on the evening of December 24, 1985, the complainant and her nine-year-old niece were at a car wash in Houston. The complainant was vacuuming her automobile when she heard someone running behind her. She turned and saw appellant, Ernest Lee Sonnier, just as he struck her in the eye. The complainant started to run but was stopped by another man, who forced her into the backseat of her automobile.

The complainant yelled out to her niece, who was in the vehicle at the time, to run. The young girl was able to escape to the safety of a nearby building. Appellant then got into the backseat with the complainant while his companion started the automobile and drove away. The two men held the complainant captive for approximately seven hours while they drove in the direction of San Antonio.

During the trip, the men alternately sexually assaulted the complainant. At approximately 4 a.m., they stopped the vehicle and told the complainant, who was clad only in her t-shirt and underwear, to walk towards the woods. She tried to break away, but was grabbed from behind by one of the men. As she struggled with him, she stepped over a ledge, fell a short distance, and feigned unconsciousness. The two men left her where she lay and drove away in her automobile. The complainant was later able to crawl up the hill and summon help from a passing motorist. At trial, she positively identified appellant as one of the two men who abducted and sexually abused her over the protracted time period.

■ In his sole point of error, appellant urges that the trial court erred in admit-

ting, over his objection, the testimony of the complainant's 10–year–old niece regarding her identification of appellant "at a post-indictment lineup which was conducted in the absence of appellant's attorney." He argues that this showing violated both appellant's right to counsel under the First and Fourteenth Amendments to the U.S. Constitution and art. I, § 10 of the Texas Constitution, and the court's pretrial order forbidding such a "lineup."

The record reflects that the adult complainant positively identified the appellant at a lineup conducted at the Houston Police Department on July 1, 1986, which lineup was videotaped. It is undisputed that appellant's court-appointed attorney was present for that proceeding.

Appellant correctly states that the presence of counsel is required when a lineup is conducted at or subsequent to the initiation of adversarial judicial proceedings. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Banks v. State,* 530 S.W.2d 940, 942 (Tex.Crim.App.1975).

After the lineup, a complaint was filed in this cause, and on July 15, 1986, an indictment was returned against the appellant. Some six months later, during the weekend before trial began, the videotape of the lineup was shown to the complainant's niece, who positively identified the appellant as one of the two men who attacked her aunt. Appellant's counsel was not present at that showing. However, in *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973), the United States Supreme Court held that an accused has no right to have counsel present at a government-conducted post-indictment photo display. Once the videotape of the lineup was made, with appellant's counsel present as a trained observer to safeguard appellant's rights during the proceedings, subsequent showings of the videotape became the equivalent of a photo array, inasmuch as the participants, their appearance, and their actions during the lineup did not change.

The showing of the videotape was not a "lineup," and did not violate appellant's

right to counsel under federal or state constitutional provisions.

■ Appellant further states that, in showing the videotaped lineup to the complainant's niece, the prosecutor violated the court's order of July 30, 1986, directing that appellant's first court-appointed attorney be notified "in the event that the videotaped lineup is to be displayed to any witnesses ... and counsel be given the opportunity to attend the videotaped lineup or any live lineup for any witnesses...."

The record indicates that appellant's first appointed attorney was relieved and replaced by a second attorney, who was in turn replaced by retained counsel, who represented appellant at trial. Trial counsel filed and secured additional pre-trial hearings and discovery, including continuing *Brady* discovery, and acknowledged that matters sought were furnished by agreement. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

During a hearing conducted in trial out of the jury's presence and before the complainant's niece was called to the stand, appellant's counsel objected that "I thought that we had an agreement that no witnesses would be shown the video unless counsel was present." In response to the court's inquiry as to what the agreement was, the prosecutor responded that appellant's present counsel had told him, and he understood the court's instruction to him to be, that any orders entered prior to present counsel's entry in the case had no effect, and that the State believed the videotape of the lineup was "no more than a photographic display." Appellant's counsel conceded the agreement as to prior orders being of no effect ("That may all be well and good ..."), but then objected that the showing to the niece was "so impermissibly suggestive as to lead to irrefutable misidentification of the defendant." The trial court was within the reasonable exercise of its discretion either in finding that the parties had waived prior agreements and earlier counsel's pre-trial orders or in changing its pre-trial ruling. That the pre-trial ruling was changed is evidenced by the trial

court's admission of the witness' identification from the videotaped lineup.

 The niece testified that she recognized the third man shown in the videotape as one of the men who assaulted and kidnapped her aunt, but she was unable to positively identify appellant, as he appeared at trial, as being either the person who committed the offense or the person shown in the videotape. Other witnesses, including the complainant and peace officers, identified appellant as the third person shown in the lineup.

The court did not err in admitting the witness' testimony.

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.