**Richard Dale POULLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–01115–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 11, 1992.

Discretionary Review Refused
Oct. 14, 1992.

William E. Parham, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Bill Hawkins, Asst. Dist. Attys., Houston for appellee.

Before WILSON, DUGGAN and MIRABAL, JJ.

## OPINION ON MOTION FOR REHEARING

WILSON, Justice.

We grant the State's motion for rehearing, withdraw our opinion of April 23, 1992, and substitute the following opinion.

A jury found appellant guilty of aggravated robbery, found an enhancement paragraph true, and assessed punishment at 99–years confinement. In two points of error, appellant challenges the legality of his lineup on constitutional grounds. We affirm.

The record indicates appellant was charged with aggravated robbery, and then was made to participate in the making of a videotaped lineup. Prior to the lineup, appellant requested an attorney, but this request was denied. There were no witnesses of appellant's alleged crime present when the lineup procedure was conducted and videotaped. The videotape was subsequently viewed by the complainant one day after it was made, as well as by other witnesses both at preindictment proceedings and on post-indictment pretrial occasions. After indictment, a pretrial hearing was held at which the trial court refused to suppress the videotape. Witnesses also viewed the videotape in open court over the objection of defense counsel.

Appellant asserts in his first point of error that he was denied his right to counsel under federal and state constitutional provisions. The issue that appellant presents for determination is one of first impression in Texas.[1] We are required to decide whether appellant's right to counsel attached when he was made to participate in a lineup that was videotaped for later presentation to witnesses, but at which no witnesses were present.

The sixth amendment of the United States Constitution guarantees an accused the right to counsel not only at his trial, but also at any critical confrontation by the government. *United States v. Wade*, 388 U.S. 218, 224, 87 S.Ct. 1926, 1930, 18 L.Ed.2d 1149 (1967). The Texas Constitution grants this right as well. TEX. CONST. art. I, § 10. Critical confrontations such as arraignments, formal charges, preliminary hearings, indictments, and infor-

1. *See McMillian v. State*, 83 Wis.2d 239, 265 N.W.2d 553, 558 (1978), where the Wisconsin Supreme Court decided that there was no constitutional right to presence of counsel at either the taping or the viewing of a videotaped lineup. The Wisconsin Supreme Court stated the absence of a confrontation between the defendant and a witness was critical in its determination.

mations have resulted in the attachment of sixth amendment rights. *Michigan v. Jackson,* 475 U.S. 625, 626, 106 S.Ct. 1404, 1405, 89 L.Ed.2d 631 (1986); *Alford v. State,* 788 S.W.2d 436, 439 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The presence of counsel at such critical confrontations, as at the trial itself, operates to assure that the accused's interests will be protected consistent with our adversary theory of criminal prosecution. *Wade,* 388 U.S. at 227, 87 S.Ct. at 1932. In all pretrial confrontations, the court must analyze whether potential substantial prejudice to the accused's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice. *Id.* The court must scrutinize any pretrial confrontation to determine if the presence of counsel is necessary to preserve the defendant's basic right to a fair trial as it is affected by a right to meaningfully cross-examine the witnesses against him. *Id.*

In his effort to prove his right to counsel attached at a videotaped lineup at which no witnesses to the offense were present, appellant correctly states that an accused's right to counsel attaches when he is in a lineup confronted by a witness. *Wade,* 388 U.S. at 236–37, 87 S.Ct. at 1937–38; *Sonnier v. State,* 753 S.W.2d 464, 466 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). In determining whether the right to counsel should be extended to an accused at a videotaping of a lineup where there are no witnesses to an alleged offense present, guidance can be found in the rationale for providing the right to counsel to a defendant in a lineup confronted by live witnesses. In *Wade,* the Supreme Court stated the following factors in support of its ruling that the right to counsel attaches at lineups:

(1) There is serious difficulty in depicting what transpires at lineups, which results in secrecy, which in turn results in a gap in knowledge about what in fact goes on at the lineup.

(2) The defense attorney can seldom reconstruct the manner and mode of the lineup for the judge or jury at trial.

(3) Neither witnesses nor lineup participants are apt to be alert for conditions prejudicial to the accused.

(4) Neither witnesses nor lineup participants are likely to be schooled in the detection of suggestive influences.

(5) Improper influences may go undetected by the accused due to emotional tensions.

(6) Even if the accused does detect improper influences, he may be reluctant to take the stand and open up the admission of prior convictions.

(7) There may be overreaching, intentional or not, by the government personnel. *Wade,* 388 U.S. at 230–33, 87 S.Ct. at 1934–36.

■ In short, the *Wade* Court was concerned that, in the absence of counsel, the accused would not be able to effectively reconstruct at trial any unfairness that occurred at the lineup. *Id.* at 231–232, 87 S.Ct. at 1934–35. Applying this rationale to the present facts reveals the weakness of appellant's argument. Appellant claims he was entitled to counsel at the videotaping of his lineup. However, the reasoning of *Wade* does not apply to the circumstances of appellant's lineup, because there were no witnesses. The videotape was made to be shown to witnesses at a later time. Thus, if any improprieties ultimately communicated to any witness occurred at appellant's lineup, such wrongdoings would be preserved on the videotape.

If any improper influences occurred at the videotaping of the lineup, defense counsel could have moved to suppress the videotape and/or any in-court identifications of any witnesses perceived as tainted by the procedure. In fact, appellant's attorney did make a motion to suppress the videotape, but the trial court refused the motion because it determined the lineup was free of any improper influences. Consequently, no support for appellant's assertion is found in *Wade.*

■ The videotaping of appellant's lineup procedure for later presentation to witnesses is more similar to a photo spread than a confrontational lineup. It is well settled that when a witness is asked to

identify an accused from an array of photographs, the accused's right to counsel does not attach. *United States v. Ash*, 413 U.S. 300, 321, 93 S.Ct. 2568, 2579, 37 L.Ed.2d 619 (1973); *Sonnier*, 753 S.W.2d at 466.[2]

Both videotapes and photo spreads have a permanent characteristic in that they do not change from the time they are made to the time of trial. As such, the concern expressed in *Wade* of not being able to recreate the lineup at trial in order to show any wrongdoing is inapplicable to photo spreads and videotapes. In regard to photo spreads, a critical stage requiring the right to counsel to attach arises when the opportunity for effective defense must be seized or foregone. *U.S. v. Anderson*, 461 F.2d 739, 742 (3d Cir.1972). The Court, in *Ash*, further held that if accurate reconstruction is possible, the risks inherent in any confrontation still remain, but the opportunity to cure defects at trial causes the confrontation to cease to be critical. *Ash*, 413 U.S. at 316, 93 S.Ct. at 2577.

Applying these standards announced by the United States Supreme Court, we hold appellant's right to counsel had not yet attached when his lineup was videotaped with no witnesses to the alleged offense present. The opportunity for effective defense did not have to be seized or foregone at the time the videotape was being made, because no witnesses were present at the lineup. Appellant's attorney had the opportunity to make proper objections before any prejudicial information was introduced at trial. In the present case, defense counsel did in fact make a motion to suppress the videotape, which was denied due to the trial court's finding of no improper influence at the lineup. The reasoning in *Ash* also supports the proposition that appellant was not yet entitled to the presence of counsel. Just as a photo spread is capable of being reproduced at trial, so is a videotape.

Having found the videotape of appellant's lineup with no witnesses present analogous to a photo spread, it follows that

at the time of the videotaping of his lineup, appellant was not faced with a critical confrontation and his right to counsel had not attached. Appellant's first point of error is overruled.

 Appellant claims in his second point of error that because the pretrial lineup was impermissible, it was error to allow the use of the videotape to bolster the in-court identification of him. It is settled that an impermissible pretrial procedure cannot be used in place of an in-court identification, or to bolster the same and is excludable per se. *Martinez v. State*, 437 S.W.2d 842, 846 (Tex.Crim.App.1969). In light of the analysis in the first point of error, however, appellant's argument fails because the pretrial procedure he complains of, the videotaped lineup, was not impermissible.

Appellant's second point of error is overruled, and the judgment of the trial court is affirmed.

---

**2.** The dicta in *Sonnier* that assumes the presence of defense counsel at the making of the videotaping as a procedural safeguard is not controlling on our decision here. *Sonnier*, 753 S.W.2d at 466.