Ivory Eugene MERRITT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–01–00076–CR, 14–01–00077–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 4, 2002.

Barbara Anne Drumheller, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## OPINION

SCOTT BRISTER, Chief Justice.

After the trial court denied his motions to suppress, appellant, Ivory Eugene Merritt, pleaded guilty to robbery and aggravated robbery. Following the terms of the plea agreement, the trial court assessed punishment at thirty years' confinement for each offense. In this appeal from the trial court's suppression rulings, appellant contends: (1) he was improperly denied counsel during a videotaped lineup; (2) his confession was unlawfully obtained when police did not cease interrogation after he requested counsel; and (3) his confession should have been suppressed because it was the illegal fruit of the violation of his right to counsel during the videotaped lineup. We affirm.

Based on the robbery complainant's positive identification of appellant from a pho-

to array, police obtained a warrant for appellant's arrest and swore out a felony complaint before a prosecutor, who filed the complaint with the district clerk.[1] Police arrested appellant under the warrant, but not before he committed an aggravated robbery. Once appellant was in custody, he and four others were placed in a lineup for the purpose of creating a videotape. No one other than the officers conducting the lineup and the lineup participants were present. After the lineup, one of the officers took appellant before a magistrate, who advised him of his rights. Appellant and the officer returned to the jail, and the officer and her partner read appellant his *Miranda* warnings and questioned him about his involvement in several robberies. Appellant confessed to the robbery and the aggravated robbery, and agreed to give an electronically recorded statement. There was no evidence about whether the videotaped lineup was shown to a witness.

At the hearing on appellant's motions to suppress the confession and identification, appellant stated he asked for an attorney before the videotaped lineup and the officer told him he "didn't have the right." Because of his previous experience in the penitentiary, appellant believed he had such a right. Appellant's testimony was inconsistent about whether he asked the magistrate for an attorney, but he believed he requested counsel two or three times during the entire sequence of events. When asked why he did not make his request on the videotape of the confession, appellant explained he had already argued with the first officer who told him he did not have a right to counsel. Contrary to appellant's testimony, both officers (who

---

1. The Code of Criminal Procedure uses the term "complaint" to refer to both the affidavit supporting an application for an arrest warrant and the written document alleging an offense that is sworn to before a prosecutor. Tex.Code Crim. Proc. Ann. arts. 2.04, 15.04 (Vernon 1977). In the instant case, both types of "complaints" had been sworn to in the robbery case by the time of the videotaped lineup.

were present for the videotaped lineup and the interview) testified appellant never invoked his right to counsel. According to one officer, if appellant had requested counsel, the officers would not have interviewed him.

### Right to Counsel at Videotaped Lineup

■ In appellant's first issue, he argues his right to counsel under the Texas and federal constitutions was violated when he was denied counsel during the videotaped lineup.[2] The right to counsel does not attach until the initiation of adversary judicial proceedings (including formal charge, preliminary hearing, indictment, information, or arraignment). *Texas v. Cobb*, 532 U.S. 162, 167–68, 121 S.Ct. 1335, 1340, 149 L.Ed.2d 321 (2001). An arrest alone does not trigger the right. *McFarland v. State*, 928 S.W.2d 482, 507 (Tex.Crim.App.1996), *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249, 263 n. 18 (Tex.Crim.App.1998). Because no felony complaint or indictment had been filed regarding the aggravated robbery, appellant's right to counsel had not yet attached on this charge. *See id.*

■ As for the robbery charge, however, police had already filed a felony complaint with the district attorney's office to seek an indictment from the grand jury. The point at which adversary judicial proceedings begin is a matter of state law. *See Hidalgo v. State*, 983 S.W.2d 746, 752 (Tex.Crim.App.1999). But it is not entirely clear under Texas law whether the filing of a felony complaint is sufficient. *See Green v. State*, 872 S.W.2d 717, 720 (Tex.Crim.App.1994) (declining to hold that filing of felony complaint triggered Sixth Amendment protections but indicating such a result was "at least consistent with,

if not dictated by" U.S. Supreme Court precedent). *See also Barnhill v. State*, 657 S.W.2d 131, 132 (Tex.Crim.App. [Panel Op.] 1983) (finding Sixth Amendment right to counsel attached upon filing of felony complaint with magistrate).

■ But even if adversary judicial proceedings had begun, appellant only has a Sixth Amendment right to counsel at subsequent "critical stages" of the proceedings against him. *See Hidalgo*, 983 S.W.2d at 752. Whether a particular event is a critical stage depends on whether the accused requires aid in coping with legal problems or assistance in meeting his adversary. *Id.* The proceeding at issue in this case involved only the staging and videotaping of the lineup. There is no evidence the video was ever shown to a witness. Consequently, part of the rationale for finding a corporeal lineup to be a "critical stage," (i.e., the presence of improper suggestion when witnesses viewed the lineup) is absent here. *See United States v. Wade*, 388 U.S. 218, 229, 87 S.Ct. 1926, 1933, 18 L.Ed.2d 1149 (1967). Furthermore, the videotape provided added protections: it captured the appearance of the lineup participants for review by a judge or jury (eliminating the need for reconstruction), and provided another source of information about what occurred other than the officers' testimony. *See id.* at 230–32, 87 S.Ct. 1926 (explaining problems of corporeal lineup conducted without counsel present). Additionally, a videotape of a lineup is similar to a photo array, which does not implicate the Sixth Amendment right to counsel. *United States v. Ash*, 413 U.S. 300, 321, 93 S.Ct. 2568, 2579, 37 L.Ed.2d 619 (1973); *Poullard v. State*, 833 S.W.2d 270, 272–73 (Tex.App.—Hous-

---

**2.** Because the right to counsel under the Texas constitution is no broader than its federal counterpart, we will address both alleged constitutional violations together. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim.App.1999).

ton [1st Dist.] 1992, pet. ref'd). In light of these factors, we join our sister court and two other states in holding that the videotaping of a lineup at which no witnesses are present is not a "critical stage" requiring counsel. *See Poullard v. State,* 833 S.W.2d 273, 276 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *State v. Milo,* 249 Kan. 15, 815 P.2d 519, 523 (1991); *McMillian v. State,* 83 Wis.2d 239, 265 N.W.2d 553, 558 (1978); *see also Bruce v. State,* 268 Ind. 180, 375 N.E.2d 1042, 1086 (1978) (holding videotaped lineup not a "critical stage" even though witnesses were present). *But see United States v. LaPierre,* 998 F.2d 1460, 1464 (9th Cir.1993) (holding videotape inadequate substitute for counsel when witnesses were present for lineup).

We overrule appellant's first point of error.

### Admissibility of the Confession

▮ In his second point of error, appellant argues his right to counsel under the Fifth Amendment was violated when police did not cease interrogation after he requested counsel. Once a suspect invokes his Fifth Amendment right to counsel, he cannot be further interrogated by the police until counsel has been provided for him, or unless the suspect himself reinitiates the interrogation. *Minnick v. Mississippi,* 498 U.S. 146, 153, 111 S.Ct. 486, 491, 112 L.Ed.2d 489 (1990).

▮ Here, there was conflicting testimony whether appellant ever requested an attorney. Both officers testified appellant never invoked his right to counsel; appellant testified he requested an attorney two or three times throughout the entire encounter. The trial court found that appellant's statement was "intelligently, know-

ingly, and voluntarily" given, and further found that appellant's testimony was not credible and that the officers were credible.[3] In a motion to suppress, the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App.2000). Because appellant's assertion that his Fifth Amendment rights were violated depends on appellant's credibility, we defer to the trial court's findings on this issue and overrule appellant's second point of error. *See Guidry v. State,* 9 S.W.3d 133, 143 (Tex.Crim.App. 1999).

In his third point of error, appellant contends his confession should have been suppressed because it was the illegal fruit of the Sixth Amendment violation discussed in point of error one. Having concluded that appellant did not have the right to counsel at. the videotaped lineup, we overrule appellant's final point of error and affirm the judgment of the trial court.

---

3. The trial court stated it would "make more detailed findings of fact and conclusions of law ... if I determine it's necessary." No written findings of fact and conclusions of law are a part of our record.