Affirmed and Memorandum Opinion filed December 16, 2008








Affirmed and Memorandum Opinion filed December 16, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00983-CR

____________

 

RASHAD BRUCE HARRIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1106916

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Rashad Bruce Harris, guilty of
aggravated robbery with a deadly weapon.  The jury assessed punishment at 99
years= confinement.  In
three issues, appellant contends (1) the trial court abused its discretion in
admitting evidence of a videotaped line-up, (2) he received ineffective
assistance of counsel, and (3) the trial court abused its discretion in
refusing to permit him to display his body tattoos to the jury.  Because all
dispositive issues are clearly settled in law, we issue this memorandum opinion
and affirm.








I.  Background

Early in the morning of October 30, 2006, George and Elaine
Duvall drove into the parking garage at the Texas Medical Center because Mrs.
Duvall was scheduled for surgery that morning.  As they stepped out of their
car, a white Chevrolet Impala drove up behind their vehicle blocking it.  An
individual, later identified as appellant, stepped out of the car, pointed a
sawed-off shotgun at the Duvalls and told them to lie down on the ground.  As
appellant stepped into the car to retrieve Mrs. Duvall=s purse, he kicked
her in the shoulder.  Appellant began riffling through a tote bag sitting in
the back seat of the car and became frustrated because there was no money in
the tote bag.  Mrs. Duvall explained that her purse was on the floor behind the
passenger seat.  Appellant stepped out of the car and kicked Mrs. Duvall in the
ribs before he retrieved her purse.  After taking Mr. Duvall=s wallet and Mrs.
Duvall=s purse, appellant
drove away.

Although the parking garage camera recorded a white
Chevrolet Impala crashing through the parking garage gate, the Impala did not
have a rear license plate, so police could not determine to whom the car was
registered.  A Houston Police detective later learned that one of Mrs. Duvall=s credit cards was
used on the day of the robbery to purchase cellular phone minutes for a
cellular phone account registered in appellant=s name.  On October 31, 2006, the day after
the Duvalls were robbed, appellant was arrested on another charge.  Officer Steven
Hooper of the Houston Police Department obtained appellant=s photograph from
his arrest and prepared two identical photo arrays and showed them to the
Duvalls.[1] 
Both Mr. and Mrs. Duvall tentatively identified appellant as the person who
committed the robbery.  Because the Duvalls= identifications
were tentative, no charges were filed against appellant at that time.








On January 26, 2007, Officer Hooper attempted to videotape
a line-up to show the Duvalls, but appellant refused to participate in the
line-up.  Appellant refused two more times to participate in the line-up before
he agreed to participate on February 28, 2007.  Officer Hooper showed the
videotaped line-up to Mr. and Mrs. Duvall separately.  Mr. Duvall positively
identified appellant, but Mrs. Duvall was unable to identify appellant. 
Appellant was subsequently indicted and convicted of aggravated robbery with a
deadly weapon and sentenced to 99 years in prison.

II.  Motion to Suppress

In his first issue, appellant contends the trial court
erred in denying his motion to suppress evidence of the videotaped line-up. 
Prior to trial, appellant filed a motion to suppress the videotaped line-up
identification because he was denied counsel at the time the line-up was
videotaped.  Appellant refused twice to participate in the videotaped line-up. 
The third time Hooper asked appellant to participate, appellant requested an
attorney and informed Hooper his attorney=s name was Pat
Kelly.  Hooper contacted Pat Kelly, but Kelly informed Hooper that appellant
was not his client.  Subsequently, Officer Hooper contacted the District
Attorney=s office and filed
a charge of interfering with public duties against appellant.  After charges
were filed, appellant participated in the videotaped line-up.








We review a trial court=s ruling on a
motion to suppress under an abuse‑of‑discretion standard.  Swain
v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005), cert. denied,
127 S.Ct. 145 (2006).  If supported by the record, a trial court=s ruling on a
motion to suppress should not be overturned on appeal.  Brooks v. State,
76 S.W.3d 426, 430 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  At a
suppression hearing, the trial court is the sole finder of fact and is free to
believe or disbelieve any or all the evidence presented.  Id. If the
record is silent regarding the reasons for the trial court=s ruling or the
trial court makes no explicit findings of fact and neither party has timely
requested findings from the trial court, we imply the necessary findings that
would support the ruling when the evidence supports these implied fact
findings.  State v. Kelly, 204 S.W.3d 808, 818B19 (Tex. Crim.
App. 2006).  We give almost total deference to the trial court=s determination of
historical facts, but review de novo the trial court=s application of
the law to the facts if resolution of those ultimate questions does not turn on
the evaluation of credibility and demeanor.  See Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).

Appellant filed a motion to suppress prior to trial, which
the court denied.  At trial, when the State introduced the videotaped line-up
into evidence, appellant stated, AWe have no
objections, Your Honor.@  Because appellant affirmatively stated
he had no objections, he failed to preserve error for review.

When a pretrial motion to suppress evidence is overruled,
the defendant need not subsequently object to the same evidence to preserve
error.  Garza v. State, 126 S.W.3d 79, 84 (Tex. Crim. App. 2004). 
However, during trial, when a defendant affirmatively states that he has Ano objections@ to admission of
the evidence, he waives error despite the pretrial ruling.  Moody v. State,
827 S.W.2d 875, 889 (Tex. Crim. App. 1992); Mikel v. State, 167 S.W.3d
556, 558 (Tex. App.CHouston [14th Dist.] 2005, no pet.).

Moreover, even if appellant had preserved error, the trial
court did not err in denying his motion to suppress.  In his motion, appellant
argued that the videotaped line-up was inadmissible because he had been denied
counsel prior to taping of the line-up.  The right to counsel does not attach
until initiation of adversary judicial proceedings including formal charge,
preliminary hearing, indictment, information, or arraignment.  Texas v. Cobb,
532 U.S. 162, 167‑68, 121 S.Ct. 1335, 1340, 149 L.Ed.2d 321 (2001).  An
arrest alone does not trigger the right.  Green v. State, 872 S.W.2d
717, 720 (Tex. Crim. App. 1994).  Because no felony complaint or indictment had
been filed on the aggravated robbery, appellant=s right to counsel
had not yet attached on this charge.  See id. 








Appellant argues he was entitled to counsel because the
District Attorney=s filing of charges of interfering with
public duties initiated adversary judicial proceedings.  The Sixth Amendment
guarantees a criminal defendant assistance of counsel at the initiation of
adversary proceedings against him and at any subsequent Acritical stage@ of the
proceedings. Estelle v. Smith, 451 U.S. 454, 469B70, 101 S.Ct.
1866, 68 L.Ed.2d 359 (1981); Thompson v. State, 93 S.W.3d 16, 23 (Tex.
Crim. App. 2001).  Not every event following the inception of adversary
judicial proceedings constitutes a Acritical stage@ so as to invoke
the right to counsel under the Sixth Amendment.  United States v. Ash,
413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); Green, 872 S.W.2d at
720.  Whether a particular event is a critical stage depends on whether the
accused requires aid in coping with legal problems or assistance in meeting his
adversary.  Green, 872 S.W.2d at 720.  

The proceeding at issue in this case involved only staging
and videotaping of the line-up.  A pre‑indictment videotaped line‑up
made in the absence of witnesses, and shown to witnesses when the accused was
not present either pre‑indictment or post‑indictment, does not
constitute a critical stage so as to require the presence of counsel.  Poullard
v. State, 833 S.W.2d 270, 271B73 (Tex. App.CHouston [1st
Dist.] 1992, pet. ref=d).  Therefore, appellant=s Sixth Amendment
right to counsel was not violated.  Appellant=s first issue is
overruled.

III.  Ineffective Assistance of Counsel

In his second issue, appellant contends trial counsel
rendered ineffective assistance when she failed to object to evidence that
appellant initially refused to participate in the videotaped line-up.  Officer
Hooper testified that appellant refused to participate in the videotaped
line-up three times, and that appellant did not agree to participate until
charges of interfering with public duties were filed.  Appellant=s trial counsel
did not object to Officer Hooper=s testimony.








To prevail on an ineffective‑assistance claim, an
appellant must prove by a preponderance of the evidence that: (1) counsel=s performance was
so deficient as to fall below an objective standard of reasonableness; and (2)
there is a reasonable probability that but for counsel=s unprofessional
errors, the result of the proceeding would have been different.  Strickland
v. Washington, 466 U.S. 668, 687 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  In
assessing appellant=s claims, we apply a strong presumption
that trial counsel was competent.  Thompson, 9 S.W.3d at 813.  We
presume that trial counsel=s actions and decisions were reasonably
professional and were motivated by sound trial strategy, unless that
presumption is rebutted.  See id. at 813B14; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  This standard has never
been interpreted to mean that the accused is entitled to errorless or perfect
counsel.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). 
When reviewing a claim of ineffective assistance, we look to the totality of
the representation and not to isolated instances of error or to only a portion
of the trial record to determine that the accused was denied a fair trial.  Thompson,
9 S.W.3d at 813.

A claim for ineffective assistance of counsel must be
firmly supported in the record. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  When, as in this case, there is no evidentiary record
developed at a hearing on a motion for new trial, it is difficult to show that
trial counsel=s performance was deficient.  See id. at 833. 
Trial counsel may have had a specific strategy for her conduct, and a reviewing
court may not speculate on trial counsel=s motives in the
face of a silent record.  Thompson, 9 S.W.3d at 814.  On such a silent
record, this court can find ineffective assistance of counsel only if the
challenged conduct was Aso outrageous that no competent attorney
would have engaged in it.@  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005).








An attorney=s decision whether to object is inherently
tactical.  See Taylor v. State, 947 S.W.2d 698, 704 (Tex. App.CFort Worth 1997,
pet. ref=d).  Where the record
is silent regarding the reasons for counsel=s decisions, an
appellant cannot overcome the presumption that his attorney rendered adequate
assistance.  Bone, 77 S.W.3d at 833. Here, the reasons for counsel=s decisions are
not demonstrated in the record.  Evaluating the attorney=s choices made
during trial would require us to second-guess her strategy through hindsight,
an exercise that cannot support a finding of ineffective assistance. 
Consequently, appellant has failed to overcome the presumption that his
attorney=s assistance was
reasonable.[2] 
Appellant=s second issue is overruled.

IV.  Body Tattoos








In his third issue, appellant contends the trial court
erred in denying his request to show the jury his body tattoos.  At trial, Mrs.
Duvall testified that the person who robbed them was shirtless, and she did not
notice any tattoos on his body.  Prior to the close of the State=s evidence,
appellant asked to stand before the jury without his shirt to show them his
body tattoos.  Appellant argued the evidence was relevant to show that Mrs.
Duvall mistakenly identified him as the robber because she testified that she
did not notice any tattoos.  The State objected to appellant showing the jury
his tattoos because there was no evidence that he had acquired the tattoos
before the robbery.  Appellant argued that he had been incarcerated from the
day after the robbery until the day of trial and the tattoos were Aobviously
professional,@ so it was clear that the tattoos were acquired prior
to the robbery.  The trial court held that appellant would be permitted to show
his tattoos if he testified, or otherwise presented evidence, as to when he
acquired them.  Appellant did not testify as to when he acquired the tattoos,
nor did he introduce other evidence on the issue.

Whether evidence is admissible lies within the discretion
of the trial court and its decision will not be overturned absent a clear abuse
of discretion.  Sorto v. State, 173 S.W.3d 469, 491 (Tex. Crim. App.
2005).  Courts have broad discretion in deciding if the proper predicate has
been laid for the admission of evidence.  Baker v. State, 879 S.W.2d
218, 220 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d).  Demonstrative
evidence must be properly authenticated and identified before it is
admissible.  Id.  Visual, real or demonstrative evidence is admissible
if it tends to solve an issue in the case and is relevant.  Simmons v. State,
622 S.W.2d 111, 113 (Tex. Crim. App. 1981).  Evidence is relevant if it has any
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.  Tex. R. Evid. 401.

Because appellant=s counsel failed
to lay any predicate regarding the inception of appellant=s tattoos, the
existence or non-existence of appellant=s tattoos was not
relevant to identification.  Therefore, the trial court did not abuse its
discretion in disallowing the evidence.  In addition to whether appellant
committed the necessary elements of each charged offense, his identity was a
relevant issue in this case.  Mr. Duvall identified appellant in a videotaped
line-up and in court.  Mrs. Duvall did not recall seeing any tattoos on
appellant.  However, it would be improper for appellant to show his tattoos to
the jury without an explanation as to when the tattoos were acquired.  This
explanation could have been satisfied through the cross‑examination of
appellant, or from another witness with personal knowledge of the relevant
facts.  Appellant presented neither.  Without a proper predicate, the proffered
evidence was not relevant and was more prejudicial than probative.  Appellant=s third issue is
overruled.

 








The judgment of the trial court is affirmed.

 

 

 

/s/      Charles Seymore

Justice

 

 

Judgment rendered
and Memorandum Opinion filed December 16, 2008.

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Officer Hooper showed the photo arrays to the
Duvalls separately so as not to taint the other=s potential identification.





[2]  The State argues that counsel did not render ineffective assistance
because evidence that appellant refused to participate in the line-up is
admissible as evidence of his consciousness of guilt.  In support of its
argument, the State cites several out-of-state cases that have found similar
evidence admissible.  See Commonwealth v. Johnson, 668 A.2d 97, 106B07 (Pa. 1995); People v. McGee,
614 N.E.2d 1320, 1324B26 (Ill. App. 1993); People v.
Huston, 210 Cal.App.3d 192, 216B18 (4th Dist. 1989).  The State admits, however, that Texas
courts have not squarely addressed this issue.  Because it is not necessary to
the disposition of this appeal, we decline to speculate as to whether evidence
of appellant=s refusal to participate in the
line-up would be admissible in Texas.