# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-07-00135-CR

**Jerret Anthony Gomez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 54292, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In January 2003, appellant Jerret Anthony Gomez was indicted for sexual assault, a second-degree felony, with previous felony convictions alleged for enhancement of punishment. *See* Tex. Penal Code Ann. §§ 12.42(d), 22.011(a)(1)(A), (f) (West Supp. 2007). In May 2003, appellant pleaded no contest to the sexual assault and true to the enhancement allegations. Pursuant to a plea bargain, the district court deferred adjudication and placed appellant on community supervision for seven years. The State's subsequent motion to adjudicate was heard in February 2007. The court adjudged appellant guilty after he pleaded true to most of the alleged violations of his supervisory conditions. The court rendered judgment convicting appellant of sexual assault and imposing a sentence of life imprisonment. We will affirm the conviction but remand the cause for reassessment of punishment.

In his first two points of error, appellant contends that the trial court erred by refusing to allow him to withdraw his no contest plea. In point one, he argues that he had an absolute right to withdraw the plea, while in point two, he argues that the court abused its discretion. The record reflects that appellant entered his plea on May 19, 2003, after being properly admonished.[1] On that date, the court accepted the plea, found that the stipulated evidence supported a finding of guilt, deferred adjudication, and placed appellant on community supervision. The court then ordered a presentence investigation and reset the cause for a hearing to determine additional conditions of probation. It was at this later hearing, on July 18, 2003, that appellant sought to withdraw his plea.

Errors relating to the original plea proceeding at which the accused is placed on deferred adjudication must be raised in an appeal from the deferred adjudication order. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Even if the alleged error were properly before us, no error is shown. A defendant may withdraw a guilty or no contest plea as a matter of right only before judgment has been pronounced or the case has been taken under advisement. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). Because the trial court had previously accepted appellant's plea, deferred adjudication, and placed appellant on community supervision, the case was clearly under advisement, and appellant did not have a right to withdraw his plea. *See Labib v. State*, 239 S.W.3d 322, 331 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Further, no abuse of discretion is shown. Appellant gave the trial court no reason for wanting to

---

[1] Among other things, the trial court told appellant that the "two prior convictions . . . enhance the first paragraph from a second degree to that of a habitual offender which means a minimum of 25 years up to life in the penitentiary . . . ." Appellant told the court that he understood this.

withdraw his plea. In his brief to this Court, appellant asserts only that the trial court's "recollection of the procedural history of the case" was inaccurate in some unspecified way. Points of error one and two are overruled.

In point of error four, appellant contends that the trial court should have conducted an informal inquiry into his competency to proceed to adjudication. *See Durgan v. State*, 240 S.W.3d 875, 877-78 (Tex. Crim. App. 2007) (right to appeal issue of competency at adjudication hearing). If evidence suggesting that the defendant may be incompetent to stand trial comes to the attention of the trial court, the court must raise the issue on its own motion and determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant is incompetent. Tex. Code Crim. Proc. Ann. art. 46B.004(b), (c) (West 2006).[2] We review the trial court's decision not to conduct a competency inquiry for an abuse of discretion. *Greene v. State*, 225 S.W.3d 324, 328 (Tex. App.—San Antonio 2007, no pet.).

Appellant cites his own testimony at the adjudication hearing as suggesting that he might have been incompetent. Responding to questions by defense counsel, appellant indicated that he had been taking his medication and that it had made "a complete difference in [his] ability to deal with life." Appellant also refers to the presentence investigation report prepared in 2003, which mentions that appellant had been diagnosed as having bipolar disorder and attention deficit

---

[2] A question has been raised as to whether article 46B.004 incorporates the "bona fide doubt" standard for competency inquiries that was applied prior to the 2003 amendments to the competency statute. *See Greene v. State*, 225 S.W.3d 324, 328 n.3 (Tex. App.—San Antonio 2007, no pet.); *Lawrence v. State*, 169 S.W.3d 319, 323 (Tex. App.—Fort Worth 2005, pet. ref'd). We note that the court of criminal appeals recently applied the "bona fide doubt" standard in a case arising under article 46B.004. *See Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008).

hyperactivity disorder and took medications for these conditions. The report also mentions, however, that this diagnosis was made when appellant was fourteen years old; it appears that appellant was twenty-seven at the time of the adjudication hearing. We also note that appellant testified at the hearing that he had met with his attorney on many occasions and fully understood both the nature of the hearing and his rights.

The evidence cited by appellant does not suggest, under any reasonable standard, that he did not have a rational and factual understanding of the adjudication proceedings or that he did not have the ability to consult with his lawyer with a reasonable degree of rational understanding. *See* Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006) (defining incompetence). *Greene*, on which appellant chiefly relies, is distinguishable on its facts. Appellant has not shown that the trial court abused its discretion by failing to informally inquire into his competence at the adjudication hearing. Point of error four is overruled.

Points of error five, six, and seven relate to the previous convictions alleged for enhancement of punishment. Two pairs of convictions were alleged. The earlier convictions were for two counts of "the felony offense of Receiving Stolen Property" in cause number 97-CR-293, in the court of common pleas of Fairfield County, Ohio, dated November 25, 1997. The more recent convictions were for "the felony offenses of Breaking and Entering and Larceny" in cause numbers 97CRS3437 and 97CRS8003, in the superior court of Columbus County, North Carolina, dated May 12, 1999. The indictment alleged that the Ohio convictions were final before the North Carolina offenses were committed, and that the North Carolina convictions were final before appellant committed the primary offense. *See* Tex. Penal Code Ann. § 12.42(d).

4

As previously noted, appellant pleaded true to the enhancement allegations in May 2003, at the same time that he entered his plea of no contest to the sexual assault. At that time, the court announced that it found the enhancement allegations to be true. The original written order deferring adjudication identified the offense as "Sexual Assault (Habitual Offender)," described this offense as a "Second Degree Felony," and stated that the applicable punishment range was "Second Degree 2-20 yrs in prison/max $10,000 fine." On December 5, 2006, the State moved to amend the deferred adjudication order nunc pro tunc to reflect that appellant was a habitual offender and that the punishment range was twenty-five to ninety-nine years or life in prison. Following a hearing on December 14, 2006, the motion was granted. However, the nunc pro tunc order signed on December 18, 2006, recited that the "Sexual Assault (Habitual Offender)" was a "1st Degree Felony" carrying a punishment range of "First Degree 5-99 yrs or life/max $10,000 fine."

There the matter stood when, in February 2007, the court heard the State's motion to adjudicate. The error in the December 18 nunc pro tunc order was brought to the court's attention when the adjudication hearing began. Over appellant's objection, the court ordered the preparation of another nunc pro tunc order. On February 15, 2007, the court signed a second nunc pro tunc deferred adjudication order, this one reciting that the "Sexual Assault (Habitual Offender)" was a "SECOND DEGREE FELONY (Habitual Offender)" and that the applicable punishment range was "HABITUAL OFFENDER (25-99 YRS OR LIFE IN PRISON)."

In point of error five, appellant contends that the trial court erred by entering the February 15, 2007, nunc pro tunc order because its plenary jurisdiction had expired. *See State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005) (holding that trial court retains plenary

5

power to modify its sentence if timely motion for new trial or motion in arrest of judgment is filed). Appellant notes that he was adjudicated guilty on February 9, 2007, and that the trial court overruled his motion for new trial on February 13, the same day that appellant filed his notice of appeal.

*Aguilera* and the other opinions cited by appellant address the authority of a trial court to alter its sentence. That is not what happened here. The record reflects that on May 19, 2003, the day appellant entered his original plea of no contest, the trial court found that the enhancement allegations were true. The February 15, 2007, nunc pro tunc order did not change appellant's sentence because there is no sentence when adjudication is deferred. The nunc pro tunc order merely corrected the clerical errors the trial court found in its earlier orders.

Moreover, we find no harm to appellant resulting from the February 15 nunc pro tunc order. Appellant had already been adjudicated guilty and sentenced to life imprisonment; the proper wording of the deferred adjudication order was essentially a moot issue. Appellant argues that but for the nunc pro tunc order, the trial court would have been limited to the original two-to-twenty-year punishment range recited in the original deferred adjudication order. This argument ignores the December 18, 2006, nunc pro tunc order. It also overlooks the principle that when there is a conflict between the trial court's ruling in open court and what is stated in the written judgment or order, the ruling in open court controls. *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Point of error five is overruled.

In points of error six and seven, appellant asserts that his punishment was unlawfully enhanced pursuant to section 12.42(d) because the record affirmatively reflects that the previous convictions were not felonies (point six) and because the record affirmatively shows the absence of

6

the required sequence of offenses and convictions (point seven). We find no merit to point six, but we sustain point seven.

As a general rule, a plea of true to an enhancement allegation relieves the State of its burden to prove the allegation and forfeits the defendant's right to appeal the insufficiency of the evidence in that regard. *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006). There is an exception to this rule, however, when the record affirmatively reflects that the enhancement was improper. *Id*.; *Mikel v. State*, 167 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that where record affirmatively showed that necessary sequence of convictions was not proved, defendant's plea of true did not preclude her from challenging sufficiency of evidence to support habitual offender finding). The State argues that appellant should have raised these issues in an appeal from the order deferring adjudication, but a defendant may obtain relief from an unlawful sentence at any time. *Rich*, 194 S.W.3d at 515.

Appellant relies on the presentence investigation report submitted to and considered by the trial court at the June 18, 2003, hearing to determine the conditions of supervision. This document reflects that in both the Ohio and North Carolina cases, appellant was sentenced to less than one year in the states' departments of corrections. Appellant argues that this is insufficient to prove that the offenses were felonies. That is not the question. The question is whether the record affirmatively shows that the offenses were *not* felonies. The indictment, to which appellant pleaded true, alleged that they were, and we find nothing in the presentence report that affirmatively shows that the previous convictions were not for felony offenses. Point of error six is overruled.

The presentence report does, however, affirmatively demonstrate that the previous offenses and convictions were not in the required sequence. The required sequence was: Ohio convictions final, North Carolina offenses committed, North Carolina offenses final, primary offense committed. The presentence report states that appellant was convicted in the two North Carolina causes on August 12, 1997, and placed on probation for three years; the date alleged in the indictment, May 12, 1999, was the date probation was revoked and the convictions became final. Thus, the record affirmatively shows that the North Carolina offenses were committed before the Ohio convictions became final on November 25, 1997.[3] The error cannot be harmless. *See Jordan v. State*, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008). Point of error seven is sustained. Because, under the circumstances of this case, the error affects only the validity of the sentence, the proper remedy is to remand for reassessment of punishment. *See Mikel*, 167 S.W.3d at 560; *see also* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2007).

In point of error three, appellant urges that the trial court imposed an unlawful sentence. Our disposition of point of error seven renders this point moot.

The judgment of conviction is affirmed as to the finding of guilt. That portion of the judgment imposing sentence is reversed and the cause is remanded for reassessment of punishment.

---

[3] November 25, 1997, is the date alleged in the indictment. The presentence report states that appellant was convicted in the Ohio causes on December 1, 1997. Whichever date is correct, the Ohio convictions were not final before the North Carolina offenses were committed.

8

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed in part; Reversed and Remanded in part on Motion for Rehearing

Filed:  August 27, 2008

Do Not Publish