Affirmed in Part and Reversed and Remanded in part and Memorandum Opinion
filed April 7, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00863-CR

___________________

 

David Alan Shand, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 174th District Court

Harris County,
Texas



Trial Court Cause No. 1129485

 



 

 

MEMORANDUM OPINION

Appellant David Alan Shand pled guilty
to the charge of aggregate theft.  The trial court sentenced him to forty
years’ imprisonment.  He appeals three points of error.  We affirm the
conviction but reverse and remand to the trial court for a new sentencing
hearing.

FACTUAL AND
PROCEDURAL BACKGROUND

Appellant has a history of committing financial
crimes, including convictions for larceny, forgery, and theft.  Nonetheless, he
sought employment as a bookkeeper.  Jordan Novelli, president and sole
stockholder of American Capital Funding Corp. (“ACFC”), hired appellant in 1999
to perform the company’s accounting.  Novelli knew appellant had a prior
conviction, but believed it was for helping a girlfriend file a false income
tax statement.  Novelli did not permit appellant to sign checks, and thought he
could trust appellant to honestly perform the company’s accounting because appellant
“learned his lesson” and did not want to return to prison.  

In early 2002, Novelli hired outside auditors to
review ACFC’s 2001 books.  Lynne Abercrombie was the audit manager.  Abercrombie
testified she was unable to complete the audit due to lack of documentation.  Abercrombie
also realized “the general ledger was not complete and that the transactions
were not shoring up to the documentation that was there.”  Novelli fired Shand
as a result of Abercrombie’s discoveries.  

Judith Golike, a former financial analyst for the
Harris County District Attorney, testified appellant diverted approximately
$2.3 million from ACFC accounts.  She testified there were two ways the funds
were diverted.  The first was misdirection of payment to ACFC.  Jerry Kotwitz,
a co-defendant, set up a bank account in his name, d/b/a American Capital,
d/b/a American Capital Funding.  Kotwitz deposited approximately 600 checks written
to American Capital or American Capital Funding into his account.  The second
method involved depositing checks made payable to ACFC’s vendors into another
account owned by Kotwitz.  Appellant, Kotwitz, and appellant’s girlfriend withdrew
money from these accounts.  

On August 16, 2007, the State filed an indictment
against appellant for aggregate theft of ACFC’s property between the dates of
February 7, 2000 and February 14, 2002.  The indictment also included
references to two final convictions for the felony of tampering with a
government record.  Appellant’s first conviction occurred on February 23, 1996
and the second was final on March 27, 2002.  The prosecutor’s apparent purpose
of listing these convictions was to use them as evidence for enhancement of appellant’s
sentence if the jury convicted him for the aggregate theft charge.  

In 2008, appellant filed a motion to quash the second
enhancement.  Appellant noted that the final conviction date of March 27, 2002
occurred after February 14, 2002, the final date the aggregate theft was
alleged to have occurred.  To be an enhancement, there must be a final
conviction on the enhancement offense before the charged offense is alleged to
have occurred.  See Tex. Penal Code Ann. § 12.42 (West 2010);
Harrison v. State, 950 S.W.2d 419, 422 (Tex. App.—Houston [1st Dist.] 1997,
pet. ref’d) (sentence enhancements must be only previous final
convictions).  The trial court granted appellant’s motion to quash the March
27, 2002 enhancement on August 18, 2008.  

Appellant pled guilty on April 13, 2009 to the aggregate
theft charge.  The guilty plea also included references to the quashed offense. 
There was no agreed sentence recommendation between appellant and the State.  

The trial court conducted a pre-sentence
investigation hearing on September 21, 2009.  The sentencing range for aggregate
theft with one enhancement is a term of fifteen to ninety-nine years in prison or
life in prison.  Tex. Penal Code Ann. § 12.42(c)(1).  The sentencing range with
two enhancements is a term of twenty-five years to ninety-nine years in prison
or life in prison.  Id. at § 12.42(d).  

After hearing all evidence, the trial court acknowledged
appellant’s guilty plea and stated on the record “having pled true to the
enhancement paragraphs at that point, it now becomes my duty to sentence you .
. .”  The trial court did not state what range of punishment appellant could
have received under statute, but sentenced appellant to forty years’
imprisonment.  The final judgment of conviction states appellant pled “true” to
the second enhancement.  

 

 

 

 

ANALYSIS

I.                  
Did the Trial Court Err By Sentencing Appellant Under a
Previously Dismissed Enhancement Paragraph?

Appellant contends the trial court improperly
recorded that appellant pled “true” to the enhancement of tampering with a government
record, possibly creating an illegal sentence.  As stated above, the minimum
sentence term allowed by law was twenty-five years contingent on the existence
of two enhancements.  Id. at § 12.42(c)(1).  The minimum sentence was
fifteen years with only one enhancement.  Id. at §12.42(d).  As a
result, appellant argues that the trial court may have determined the forty
year sentence based upon an incorrect understanding of the correct minimum
sentence.  He requests we reform the judgment to indicate dismissal of the
enhancement without a plea of true, and reverse and remand for a new sentencing
hearing.   

The State concedes that the trial court’s judgment
must be reformed to indicate appellant did not plead “true” to the second
enhancement, but argues this court should only reform the judgment.  The State contends:
(1) there is no evidence that the plea of true to the enhancement was anything
more than a typographical error; (2) there is no evidence the trial court
considered the second enhancement when assessing punishment; (3) even if the
trial court considered the improper enhancement, appellant has not shown harm
because he was assessed punishment within the sentencing guidelines for the
crime.  

We considered a similar matter in Mikel v. State, 167
S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2005, no pet.); see also Ex Parte
Rich, 194 S.W.3d 508, 513-514 (Tex. Crim. App. 2006) (approving Mikel’s
disposition of the case).  In Mikel, the defendant pled “true” to
two sentence enhancements.  Mikel, 167 S.W.3d at 559.  The trial court
should not have considered the second enhancement, however, because the final conviction
occurred after the date of the charged offense.  Id. at 558.  This court
determined there was insufficient evidence to sustain the sentence because the record
showed the enhancement was “affirmatively flawed.”  Id.  An affirmative
flaw existed because it was evident from the face of the record that the final conviction
occurred after the charged offense.  Id.; Cruz v. State, No.
01-00-00463-CR, 2001 WL 1168273, at *1 (Tex. App.—Houston [1st Dist.] Oct. 4,
2001, no pet.) (not designated for publication)  

We also determined the issue was not waived on appeal
because the record affirmatively indicated the error.  Mikel, 167 S.W.3d
at 559.  The remedy for an affirmatively flawed enhancement is to reverse and
remand the sentence for consideration without the improper enhancement.  Mikel,
167 S.W.3d at 560.

Appellant did not plead insufficient evidence.  He
pled the enhancement was “illegal.”  We express no opinion on the illegality of
the enhancement because the precedent appellant references pertains to cases in
which an improper enhancement led to an imposed sentence greater than the
sentencing range for the charged offense.  See Ex Parte Roemer, 215
S.W.3d 887, 891 (Tex. Crim. App. 2007) (misclassification of prior conviction
allowed enhancement of charged offense to felony when defendant was only
eligible for misdemeanor conviction); Ex Parte Rich, 194 S.W.3d at 511
(improper enhancement led to sentencing defendant to twenty-five years in
prison; correct statutory sentencing range was two to twenty years in prison). 
In this case, the forty year sentence was within the sentencing range of a term
of fifteen years to ninety-nine years.  

Nonetheless, both parties agree the trial court should
not have considered the March 27, 2002 enhancement nor should it have been listed
in the final judgment of conviction because the trial court had previously
quashed it.  Even if the enhancement had not been quashed, there is affirmative
error in the enhancement.  On the face of appellant’s guilty plea, the dates of
the charged offense are between February 2000 and February 2002.  The second
enhancement is listed as final on March 27, 2002, clearly after the charged
offense.  See Mikel, 167 S.W.3d at 558-59.

Under our precedent, we therefore reverse appellant’s
sentence and remand the issue to the trial court for a new sentencing hearing. 


Appellant argued in his second point of error that he
did not receive verbal admonishments about the statutory range of punishment for
his crime.   Accordingly, appellant contends he may have received an improper
sentence because the trial court did not know it should consider only one
enhancement, not two.  We have reversed and remanded appellant’s sentence.  As
a result, it is unnecessary to evaluate appellant’s claims that he did not
receive admonishments.  See Tex. R. App. P. 47.1.

II.              
Did Appellant Receive Ineffective Assistance of Counsel?

Most of appellant’s arguments about alleged
ineffective assistance of counsel involve events during the pre-sentencing
hearing.  We need not reach these arguments because we have already determined
a new sentencing hearing is necessary.  Appellant, however, has also argued his
counsel did not make any attempt to discover if appellant believed his guilty
plea was involuntary.  If the guilty plea was involuntary, a reversal of the
conviction is necessary.  See Tex. Code Crim. Proc. Ann. § 26.12(b)
(West 2010).

A.     Standard
of Review

When reviewing claims of ineffective assistance of
counsel, we apply a two-prong test.  See Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005) (citing Strickland v. Washington, 466
U.S. 668, 687 (1984)).  To establish ineffective assistance of counsel,
appellant must prove by a preponderance of the evidence that (1) his trial
counsel’s representation was deficient to the point it fell below standards of
prevailing professional norms; and (2) there is a reasonable probability that,
but for counsel’s deficiency, the result of the trial would be different.  Id. 
A reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

An accused is entitled to reasonably effective
assistance of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim.
App. 1983).  When evaluating a claim of ineffective assistance, the appellate
court looks to the totality of the representation and the particular
circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  There is a strong presumption that counsel’s actions and
decisions were reasonably professional and motivated by sound trial strategy.  See
Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d 198, 208
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  To overcome the presumption
of reasonably professional assistance, any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson, 9 S.W.3d at 813.  When determining
the validity of an ineffective assistance of counsel claim, any judicial review
must be highly deferential to trial counsel and avoid the deleterious effects
of hindsight.  Ingraham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App.
1984).  When the record is silent as to the reasons for counsel’s conduct, as
in this case, a finding that counsel was ineffective would require
impermissible speculation by the appellate court.  Stults, 23 S.W.3d at
208.  Absent specific explanations for counsel’s decisions, a record on direct
appeal will rarely contain sufficient information to evaluate an ineffective
assistance claim.  See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002).

B.      Analysis

Appellant contends his trial counsel was ineffective
because, in his personal statement submitted for the pre-sentence investigation,
appellant wrote that he was “tired, indigent, and no longer have the energy to
fight this matter.  Under the circumstances, I felt it in my best interest to
plead guilty, despite my uneasiness, concerning actual guilt, putting my fate
in His Honor’s hands.”  Appellant claims his trial counsel was ineffective
because, “Counsel made no attempts to object to or to clarify this sentencing
report to the trial court, or to determine if his client had misgivings that
preceded the sentencing hearing, and required withdrawal of the plea . . .”  The
personal statement is undated but is included in the pre-sentence investigation
report.

Prior to the personal statement, appellant signed the
guilty plea and initialed admonishments acknowledging the charge, the sentence range
possible with one enhancement, the statement that he understood the consequence
of pleading guilty, and that he “freely, knowingly, and voluntarily executed
this statement.”  

In addition, appellant sent another undated letter
addressed to the trial judge, the district attorney, and court staff.  On
August 20, 2009, the pre-sentence investigator provided this statement with a
note that it was a “supplement” to the pre-sentence investigation.  In this
document, appellant admitted to committing the aggregate theft.  He wrote:  “It
is true that I, David Alan Shand, conspired . . . to [abscond] from American
Capital Funding Corporation . . . I benefitted financially from the conspiracy.” 


There is no evidence appellant requested withdrawal
of his guilty plea, claimed he did not understand the consequences of pleading
guilty, or that trial counsel did not advance appellant’s interests.  We have a
strong presumption counsel is competent.  Ingraham, 679 S.W.2d at 509. 
Without any evidence that counsel failed to heed appellant’s decision to
withdraw his guilty plea or other evidence suggesting counsel failed to
appropriately represent his client, we cannot conclude appellant received ineffective
assistance of counsel.  Thompson, 9 S.W.3d at 813.  Furthermore,
appellant’s supplemental statement asserts his guilt.  A reasonably competent
attorney could have believed the guilty plea was in appellant’s best
interests.  Salinas, 163 S.W.3d at 740.  We overrule appellant’s second
point of error.

CONCLUSION

We conclude appellant has not proven his trial
counsel was ineffective, so his conviction is affirmed.   

 

 

 

 

Because a quashed enhancement was introduced against
appellant, we order the sentence reversed, and remand this case to the trial
court for a new sentencing hearing.

 

                                                                                    

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

Panel consists of Justices
Anderson, Seymore, and McCally.

Do
Not Publish— Tex. R. App. P. 47.2(b).