Nakeithia MIKEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–04–00489–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 21, 2005.

Nicole Wignall Deborde, Houston, for appellants.

Carol M. Cameron, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

A jury convicted appellant, Nakeithia Mikel, of possession of a controlled substance. After the trial court found two enhancement paragraphs true, it assessed punishment at twenty six-years' imprisonment. In three issues, appellant contends (1) the trial court erred in denying her motion to suppress, and (2) the evidence is insufficient to prove the enhancement paragraphs were true. We affirm appellant's conviction, but remand for a new punishment hearing.

## I. BACKGROUND

On November 10, 2003, Deputy Marcus Staudt of the Harris County Sheriff's Department responded to a complaint from a Houston-area apartment complex regarding possible drug activity at one of the apartment units. Upon arriving at the apartment complex, Deputy Staudt observed appellant sitting in the parking lot with her children and several other individuals. Deputy Staudt knew from past experience that appellant resided in the apartment unit suspected of drug activity and thus, approached appellant to inquire about the complaint.

Appellant informed Deputy Staudt that there was no drug activity inside the apartment and management had locked her out of the apartment for failing to pay rent. Deputy Staudt contacted the management office and requested that appellant be allowed back into her apartment. The management office sent a maintenance person to let appellant into her apartment. When the maintenance person opened the door, Deputy Staudt noticed a strong odor of marijuana emanating from the apartment.

Deputy Staudt testified that although he smelled marijuana, he did not enter the apartment at that time. Deputy Staudt approached appellant and obtained written consent to search the apartment. Deputy Staudt and several other officers who had arrived at the scene searched the apartment and discovered marijuana and ecstacy in the living room and a bottle of codeine on a table in the bedroom. Following a jury trial, appellant was found "not guilty" of possession of marijuana and ecstasy, but "guilty" of possession of codeine.

## II. ISSUES ON APPEAL

Appellant presents three issues for our review. In her first issue, appellant contends that the evidence is legally and factually insufficient to support the trial court's finding that the second enhancement paragraph alleged in the indictment is "true." In her second issue, appellant contends that the trial court erred in finding that the offense alleged in the first enhancement paragraph of the indictment is a final conviction. In her third issue, appellant contends that the trial court erred in denying her motion to suppress. We address appellant's third issue first.

## III. MOTION TO SUPPRESS

■ In her third issue, appellant contends that the trial court erred in denying

her motion to suppress the evidence seized during the search of her apartment because the officers searched the apartment before obtaining consent. However, appellant has failed to preserve this issue for our review.

When a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence to preserve error on appeal. *Moraguez v. State,* 701 S.W.2d 902, 904 (Tex.Crim.App.1986). However, when a defendant affirmatively states during trial that she has "no objection" to the admission of evidence, she waives any error, despite the pretrial ruling. *Moody v. State,* 827 S.W.2d 875, 889 (Tex.Crim.App. 1992); *Dean v. State,* 749 S.W.2d 80, 83 (Tex.Crim.App.1988).

In this case, appellant initially preserved error through the trial court's ruling on the pretrial motion to suppress. However, when the State offered into evidence Exhibit 17–the bottle of codeine which was the basis for appellant's conviction-appellant's counsel expressly stated, "No objection, Judge." Because appellant's counsel specifically stated that the defense had no objection to the admission of the bottle of codeine, we find that this issue was not preserved for review.

Accordingly, we overrule appellant's third issue.

## IV. ENHANCED PUNISHMENT

■ In her first issue, appellant contends there is insufficient evidence to support the finding that the allegations in the second enhancement paragraph were true. Appellant claims she was harmed because the second enhancement paragraph contained language enhancing her punishment

range from a repeat offender under Texas Penal Code Section 12.42(c)(1) (punishment range of fifteen years to ninety-nine years) to an habitual felony offender under Texas Penal Code Section 12.42(d) (punishment range from twenty-five to ninety-nine years).

An habitual offender is a person shown to have "previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final...." TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2004–05). In this case, the State sought to enhance appellant's punishment to habitual status through the following enhancement paragraphs:

> Before the commission of the offense alleged above (hereafter styled the primary offense) on May 23, 2002, in Cause No. 00199814, in the 16th District Court of St. Martin Parish, Louisiana, the Defendant was convicted of the felony of attempted possession with intent to distribute marihuana.[1]

> Before the commission of the primary offense and after the conviction in cause number 00199814 was final, the Defendant committed the felony offense of escape and was finally convicted of that offense on February 9, 2000 in Cause No. 835844, in the 182nd District Court of Harris County, Texas.

Although the second enhancement paragraph, if true, would establish that appellant is an habitual offender, it is clear from the face of the record that the second enhancement paragraph cannot be true. The second enhancement paragraph alleges that appellant committed the offense of escape (Cause No. 835844) *after* her conviction for attempted possession with in-

---

**1.** Appellant was placed on probation in Louisiana on May 23, 2002 for the attempted possession offense (Cause No. 00199814). In her second issue, appellant contends that the Louisiana probation is not a "final conviction" for enhancement purposes.

tent to distribute marijuana (Cause No. 00199814) became *final*. However, the judgment supporting the escape offense shows that the offense was committed on February 7, 2000, and that the conviction became final on February 9, 2000. Thus, appellant did not commit the escape offense *after* she was finally convicted of the attempted possession offense on May 23, 2002. Accordingly, the second enhancement paragraph is not true and should not have been used to enhance appellant's punishment range to that of an habitual offender.[2]

 Although the second enhancement paragraph cannot be true, the State argues that appellant is precluded from challenging the sufficiency of the evidence to support the enhancement paragraph because she pled "true" to the paragraph at the punishment hearing. As a general rule, when a defendant pleads true to an enhancement paragraph, the State is relieved of the burden of proving the enhancements, and the defendant cannot complain on appeal that the evidence is insufficient to support the enhancements. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App. 1981). However, there is a narrow exception to this rule. If the record "affirmatively reflects" that a prior conviction was *not final*, then the conviction cannot be used to enhance punishment, *even though* the defendant pled "true" to the enhancement paragraph. *Harrison v. State*, 950 S.W.2d 419, 422 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd); *Sanders v. State*, 785 S.W.2d 445, 448 (Tex.App.-San Antonio 1990, no pet.). This narrow exception originated in *Sanders*. *See* 785 S.W.2d at 448.

In *Sanders*, the indictment contained an enhancement paragraph alleging that the defendant had a final conviction for the felony offense of delivery of marijuana before commission of the primary offense. *Id*. The defendant pled "true" to the enhancement allegations, and the trial court considered the previous conviction in assessing punishment for the primary offense. *Id*. On appeal, the court observed that the record affirmatively demonstrated the conviction for delivery of marijuana was not final before commission of the primary offense and, thus, could not be used to enhance punishment. *Id*. Under those circumstances, the court considered the error and reversed for a new punishment hearing, in the interest of justice. *Id*. Thus, under *Sanders*, when a defendant pleads true to an enhancement paragraph, but the record affirmatively reflects that the prior conviction was *not final* for enhancement purposes, the "interest of justice" requires the reviewing court to consider the error.

The First Court of Appeals has extended the *Sanders* exception, applying it not only to cases in which a non-final conviction was improperly used to enhance punishment, but to any case in which a " 'defendant pleads true to an enhancement paragraph allegation, [and] the record affirmatively reflect[s] that the prior conviction' should not have been used for enhancement purposes." *Cruz v. State*, No. 01-00-00463-CR, 2001 WL 1168273, at *1 (Tex.App.-Houston [1st Dist.] Oct. 4, 2001,

---

2. It appears that even if the escape offense in 2000 is considered to be appellant's "first felony conviction" for enhancement purposes, appellant would still not be an habitual offender under the statute because the attempted possession offense was not committed *after* the escape conviction became final. The information supporting the attempted posses- sion offense alleges that appellant committed the offense "on or about" January 30, 2000. If, in fact, appellant committed the attempted possession offense on January 30, 2000, it would be impossible for the attempted posses- sion offense to have been committed *after* the escape conviction became final on February 9, 2000.

no pet.) (not designated for publication). The situation here falls within this category, as the record affirmatively reflects that the offense in the second enhancement paragraph should not have been used to enhance appellant's punishment range to that of an habitual offender because the offense did not occur in the sequence alleged by the indictment. We agree with our sister court and apply the *Sanders* exception to the indictment in this case. Accordingly, we will consider appellant's sufficiency challenge to the second enhancement paragraph despite her plea of true at the punishment hearing.

In reviewing legal sufficiency of the evidence in the punishment phase, we view the evidence in a light most favorable to the trial court's ruling and determine whether any rational trier of fact could make the finding beyond a reasonable doubt. *McFarland v. State,* 928 S.W.2d 482, 496 (Tex.Crim.App.1996). As previously discussed, evidence introduced at the punishment phase of trial affirmatively shows that the second enhancement paragraph is not true. Therefore, no rational trier of fact could have found beyond a reasonable doubt that the allegations in the second enhancement paragraph were true. Thus, the evidence is legally insufficient to prove the allegations in the second enhancement paragraph.

While some courts of appeals have conducted a harm analysis after determining that insufficient evidence existed to prove that the defendant was an habitual offender, the Texas Court of Criminal Appeals has not. *Compare Williams v. State,* 837 S.W.2d 759, 764 (Tex.App.-El Paso 1992, no pet.) (determining harm existed when evidence failed to prove that second previous felony conviction was for an offense

that occurred subsequent to the first previous conviction having become final); *Patterson v. State,* 723 S.W.2d 308, 316 (Tex. App.-Austin 1987) (same), *aff'd on other grounds,* 769 S.W.2d 938 (Tex.Crim.App. 1989), *with McCrary v. State,* 604 S.W.2d 113, 116 (Tex.Crim.App.1980) (reversing and remanding for new trial where no evidence proved that second previous felony conviction was for an offense that occurred subsequent to the first previous felony conviction having become final; no harm analysis conducted); *Williams v. State,* 596 S.W.2d 903, 904 (Tex.Crim.App. 1980) (same). Following the precedent set by the Court of Criminal Appeals, we find that a harm analysis is inappropriate in this context. Accordingly, we sustain appellant's first issue without conducting a harm analysis.[3]

## V. CONCLUSION

We affirm appellant's conviction, but reverse that portion of the judgment assessing punishment and remand for a new punishment hearing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp. 2004–05).

---

3. Because of our disposition of appellant's first issue, we need not address her second issue. *See* TEX.R.APP. P. 47.1.