Affirmed and Memorandum Opinion filed July 29, 2008








Affirmed and Memorandum Opinion filed July 29, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-000476-CR

_______________

 

BLAY RUFFINO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                 
                                                                                              

On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1112972 

                                                                    
                                                                           

 

M E M O R A N D U M   O P I N I O N

A jury
found appellant Blay Ruffino guilty of possession with intent to deliver
heroin,  and the trial court assessed punishment at thirty years confinement in
the Texas Department of Criminal Justice, Institutional Division, and imposed a
$10,000 fine.  In two issues, appellant contends the trial court erred in
denying his motion to suppress evidence.  We affirm.








I.  Factual and Procedural Background

In April
2007, appellant was indicted for the felony offense of possession with intent
to deliver heroin alleged to have occurred on or about January 4, 2007.  Before
his trial in May 2007, appellant filed a motion to suppress physical evidence,
including the heroin found in his backpack, which had been obtained during a
warrantless search of his person.  In this motion, appellant asserted: 

the
evidence seized and obtained was the result of a warrantless search of the defendant=s person without probable cause in violation of [his]
constitutional rights under the Fourth and Fourteenth Amendments to the United
States Constitution, Art. 1, Section 9, of the Texas Constitution, and Art.
38.23 C.C.P.  Further, said search was not the result of actual consent . . . .

The trial court conducted
a hearing on  this motion on May 21, 2007.  The only witness to testify at this
hearing was Houston Police Department (AHPD@) Officer Jimmy Cargill.  

Cargill
testified that on January 4, 2007, he and other members of a special HPD
narcotics squad conducted surveillance on appellant as he was driven from his
residence in Houston to another location across town.  After a brief stop at an
apartment complex, the vehicle appellant was in drove toward the Montrose
Boulevard area.  During the course of the surveillance, Cargill stated that he
observed the driver of the vehicle change lanes several times without
signaling.  Based on these traffic violations, a marked patrol car was called
in to conduct a traffic stop.








According
to Cargill, when the vehicle was pulled over, one of the officers approached
the driver, while Cargill approached appellant.  Cargill stated  he requested
that appellant exit the vehicle; when appellant stepped out of the car, a black
backpack that had been resting in appellant=s lap dropped to the street.  Cargill
explained that he recovered the backpack and, because of traffic concerns on
Montrose Boulevard, the officers moved the Ascene@ of the traffic stop to a nearby gas
station.  Cargill transported appellant in the front seat of his vehicle after
conducting a Apat-down@ search of appellant and handcuffing him for officer safety.  Cargill
emphasized appellant was not under arrest when he transported appellant to the
secondary scene at the gas station, although appellant was not free to go and
was being Adetained@ for investigative purposes. 

As
Cargill transported appellant to the gas station, he explained to appellant
that he was with the HPD Narcotics Division and that appellant was the target
of an ongoing investigation.  Cargill stated he informed appellant that he
believed appellant was in possession of heroin.  Cargill testified that
appellant denied possessing any heroin and verbally consented to a search of
his backpack, in which Cargill discovered a locked metal box.  Cargill admitted
that he had neither a search nor arrest warrant prior to searching appellant=s backpack.  Cargill also stated that
appellant verbally consented to the search of the locked metal box.  Cargill
testified that, prior to unlocking the metal box with the key appellant
identified, Cargill obtained written consent to search appellant=s backpack, the metal box, and
appellant=s residence.  This consent-to-search form was admitted into evidence during
the suppression hearing.  By signing the form, which was witnessed by another
officer at the scene, appellant acknowledged that Ano promises, threats, force, physical
nor mental coercion of any kind ha[d] been used against [him]@ to get his consent to the search.

Cargill
acknowledged that there were approximately six to eight officers at the scene
of the initial stop and at the subsequent gas station location, all of whom were
carrying handguns.  He also clarified that he never observed appellant violate
the law until he discovered the heroin in appellant=s backpack.  

After
hearing Cargill=s testimony and considering the evidence and argument, the
trial court orally denied appellant=s motion to suppress without making
any findings.  A jury subsequently convicted appellant of possession with
intent to deliver heroin, and the trial court sentenced appellant to 30 years
confinement in the Texas Department of Criminal Justice, Institutional
Division, and a $10,000 fine.  This appeal timely ensued.








II.  Issues Presented

In his
first issue, appellant asserts that the trial court erred by denying his motion
to suppress the evidence obtained during the search of the backpack and metal
box because appellant was illegally detained.  Appellant further argues in his
second issue that he did not  consent to the search and therefore the evidence
was illegally obtained. The State responds that appellant has failed to
preserve these issues for review.  We agree.

III.  Analysis

A.        Preservation of Error

Generally,
when a pretrial motion to suppress evidence is overruled, the defendant need
not subsequently object at trial to the same evidence to preserve error.  See
Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App.1986) (en banc); Mikel
v. State, 167 S.W.3d 556, 558 (Tex.App.CHouston [14th Dist.] 2005, no pet.). 
But when the defendant affirmatively asserts during trial that he has Ano objection@ to the admission of the evidence at
issue, he waives any error in its admission, despite the pretrial ruling.  See
Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992) (en banc);
Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988) (en banc); Moraguez,
701 S.W.2d at 904; Mikel, 167 S.W.3d at 558.

Here,
appellant initially preserved error through the trial court=s ruling on his pretrial motion to
suppress.  But when the State offered into evidence appellant=s backpack and the metal box found in
the backpack, appellant=s counsel stated, AYour Honor, as to Exhibit No. 4,
which is the black bag, the backpack so to speak, no objection.  To
State=s Exhibit No. 5, the black box inside
the backpack, no objection.@[1]  Later, when the State introduced
the heroin discovered in the black box, appellant=s counsel likewise stated the defense
had no objection:   AYour Honor, as to 10 and 11,[[2]]
I don=t object.  It=s the subject of this case.@[3] 








Because
defense counsel expressly stated that the defense had no objection to the
admission of the backpack, the metal box, and the heroin, appellant=s complaints about the trial court=s ruling on his motion to suppress
were not preserved for our review.[4]  See Moody,
827 S.W.2d at 889; Dean, 749 S.W.2d at 83; Moraguez, 701 S.W.2d
at 904; Mikel, 167 S.W.3d at 558.  Accordingly, we overrule appellant=s first and second issues.

IV.  Conclusion

Having
overruled appellant=s two issues for review, we affirm the judgment of the trial
court.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed July
29, 2008.

Panel consists of Justices Yates, Guzman, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Emphasis
added.





[2]  These exhibits
consisted of the two packets of black tar heroin discovered in the locked metal
box.





[3]  Emphasis
added.





[4]  Moreover, even
if these complaints were preserved, the testimony of the only witness to
testify at the suppression hearing  supports the trial court=s denial of the motion to suppress. We ordinarily review
a trial court=s ruling on a motion to suppress for abuse of
discretion.  Dyar v. State, 125 S.W.3d 460, 462 (Tex.  Crim. App. 2003);
see also Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)
(en banc).  At a suppression hearing, the trial court is the sole judge of the
credibility of the witnesses and of the weight to be given to their testimony. 
Wiede v. State, 214 S.W.3d 17, 24B25
(Tex. Crim. App. 2007); Cantu v. State, 817 S.W.2d 74, 77 (Tex. Crim.
App. 1991) (en banc). AVoluntary consent to search is a well‑established
exception to the warrant and probable cause requirements of the Fourth
Amendment to the United States Constitution.@  Montanez
v. State, 195 S.W.3d 101, 105 (Tex. Crim. App. 2006).  The validity of a
consensual search is a fact issue, and the State must prove by clear and
convincing evidence that consent was given voluntarily.  Gutierrez v. State,
221 S.W.3d 680, 686 (Tex. Crim. App. 2007). 

As discussed above, Cargill testified that
appellant verbally consented to the initial search and subsequently signed a
consent to search form.  By signing the form, appellant acknowledged that his
consent was voluntary and not obtained through coercion or duress.  Appellant
offered no evidence to controvert either Cargill=s testimony or the circumstances surrounding appellant=s signing of the consent form.  Under these
circumstances, the trial court did not abuse its discretion in denying
appellant=s motion to suppress.