Affirmed and Memorandum Opinion filed August 28, 2008








Affirmed and Memorandum Opinion filed August 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00378-CR

____________

 

SHANNON LEE SIMON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd District Court

Harris
County, Texas

Trial Court Cause No. 1075845

 



 

M E M O R
A N D U M   O P I N I O N

A jury
found appellant Shannon Lee Simon guilty of possession of a firearm by a felon
as a habitual offender, found two enhancement paragraphs true, and assessed
punishment at forty years confinement in the Texas Department of Criminal
Justice, Institutional Division.  The trial court sentenced appellant
accordingly.  In two issues, appellant contends the trial court erred  by
denying his pretrial motion to suppress evidence.  We affirm.








I.  Factual and Procedural Background

On July
7, 2006, Houston Police Department Officers Jason Turrentine, G.N. Duron, and
Michael Donato arrived at the Royal Inn Motel in response to a report of a
suspicious vehicle.  They saw Anthony Deadrick, whom they knew, in the parking
lot standing next to a vehicle.  During their conversation with Deadrick, the
officers asked where Deadrick=s common-law wife, Kiki, and four-month-old infant daughter
were.  Deadrick responded that Kiki was gone and that he thought the baby was
in room 108.

Deadrick
initially told Officer Duron that no one was with the baby.  At some point,
however, Deadrick became Afidgety@ and said he was not sure whether the baby was alone or with
his brother-in-law.  Duron, Donato, and Deadrick went to room 108.  Duron
knocked loudly on the door several times.  He stated his sole concern was the
baby=s health.  No one answered, and Duron
heard no noises from inside.  Deadrick then became worried and started
knocking. When there was still no answer, Deadrick obtained a key from the
motel office and opened the door.

Deadrick
entered, with Duron and Donato following close behind.  They saw the baby on
the bed,
face-down on the pillow.  Duron was worried and wanted to be sure the baby was
still breathing.  As Duron and Donato entered the room, they also saw
appellant, lying on the floor in a one-and-a-half foot space between  a wall
and the bed.  After Donato determined the baby was breathing and responsive,
he  handed the baby to Deadrick, and the officers focused their attention on
appellant.[1] 
These events all occurred quite rapidly.

Initially, appellant did not move and appeared
unresponsive.  Donato started asking appellant to stand up  or show himself. 
Eventually, appellant began to stand, but was disoriented, slow, Asluggish,@ Agroggy,@ and moved in an Aunnatural@ manner.  He also
had saliva on his face.  Donato was concerned about appellant=s  physical or
mental condition.








As appellant  arose from the floor, the officers saw him
move  his right hand in what appeared to be an attempt to  conceal something.
At this point Donato feared for his own safety.  Once appellant was standing, the
officers saw a handgun under the thin bed sheet on which  he had been lying. 
The outline of the handgun was fairly clear under the thin sheet, and the sheet
did not completely cover the gun.  Donato removed the bed sheet and  detained
appellant.

Appellant was subsequently charged with possession of a
firearm by a felon, as a habitual offender.  He filed a pretrial motion to
suppress evidence, specifically, the handgun.  He contended that his
warrantless arrest was without probable cause and exigent circumstances;
consequently, the search incident to the arrest was unlawful.  He also 
contended that his consent to search was invalid..  Finally, he requested a
pretrial hearing on the motion.[2]

A hearing was set for November 3, 2006, and the docket
sheet contains an entry indicating a hearing was held on that date.  The
appellate record contains no reporter=s record of that
hearing.

The case was tried before a jury on May 1, 2007.  Officers
Turrentine, Duron, and Donato testified for the State.  When the State offered
the handgun into evidence, appellant stated he had no objection.  Appellant
called no witnesses.  After the State and the defense rested, defense counsel
addressed the court:  AJudge, at some point I=m going to need
the ruling on my Motion to Suppress.@  The trial court
denied the motion.  The jury found the defendant guilty and assessed punishment
at forty years confinement.

II.  Issues Presented








In two issues, appellant challenges the trial court=s denial of his
motion to suppress evidence.  In his first issue, he argues the State failed to
prove the officers= warrantless entry into his room was
objectively reasonable under the emergency doctrine.  In his second issue, he
argues he was illegally detained when the officers exceeded the purpose and
scope of the alleged emergency.  The State responds that appellant has not
preserved these issues for appeal because he did not obtain a pre-trial ruling
on his motion to suppress and affirmatively stated at trial he had no objection
to admission of the handgun.  We agree.

III.  Analysis

A.      Preservation of Error

To preserve error, the record must show that appellant made
a timely request, objection, or motion, and that the trial court ruled on it.  Tex. R. App. P. 33.1; see also
Nelson v. State, 626 S.W.2d 535, 535B36 (Tex. Crim.
App. [Panel Op.] 1981) (concluding that motion to suppress evidence presented,
if at all, after State had rested, was untimely and any error in denying motion
was not preserved for appeal).  Generally, when a pretrial motion to suppress
evidence is overruled, the defendant need not subsequently object at trial to
the same evidence to preserve error.  See Moraguez v. State, 701 S.W.2d
902, 904 (Tex. Crim. App. 1986) (en banc); Mikel v. State, 167 S.W.3d
556, 558 (Tex.App.CHouston [14th Dist.] 2005, no pet.).  But
when the defendant affirmatively asserts during trial that he has Ano objection@ to the admission
of the evidence at issue, he waives any error in its admission, despite the
pretrial ruling.  See Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim.
App. 1992) (en banc); Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App.
1988) (en banc); Moraguez, 701 S.W.2d at 904; Mikel, 167 S.W.3d
at 558.








Here, although appellant filed a pretrial motion to
suppress evidence, there is nothing in the record to indicate he obtained a
ruling on his motion until after the trial court had admitted the handgun into
evidence and the State and the defense had rested.[3] 
Moreover, when the trial court asked for objections to admission of the
handgun, defense counsel affirmatively stated the defense had no objection. 
Thus, appellant has failed to preserve his objection to the trial court=s denial of his
motion to suppress the evidence.  See Dean, 749 S.W.2d at 83; Moraguez,
701 S.W.2d at 904; Mikel, 167 S.W.3d at 558.  Accordingly, we overrule
appellant=s first and second issues.

IV.  Conclusion

Having overruled appellant=s two issues, we
affirm the judgment of the trial court.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 28, 2008.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Duron testified, AI
think Officer Donato and myself were like in between making sure that the baby
was fine, moving the baby around.  We were like >Hey, hey,= you know, trying to see if [appellant] would wake
up.  And nothing was happening initially.@





[2]  Appellant filed multiple pro se motions, including
motions to suppress evidence, a motion for written rulings on his motions, and
a motion for a pre-trial hearing. 





[3]  See Nelson, 626 S.W.2d at 536; Sims v.
State, 833 S.W.2d 281, 284 (Tex. App.CHouston
[14th Dist.] 1992, pet. ref=d) (holding
that appellant failed to preserve error by not presenting and obtaining a
ruling on pre-trial motion to suppress until after State rested its
case-in-chief).