Dissenting opinion issued June 7, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00907-CR

———————————

Crystal Yvette Roberson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court

Harris County, Texas



Trial Court Case No. 1259653

 



 

DISSENTING OPINION

          I
respectfully and reluctantly dissent because I believe this case is controlled
by the Fourteenth Court’s opinion in Mikel v. State, 167 S.W.3d 556 (Tex.
App.—Houston [14th Dist.] 2005, no pet.).

          In
her first issue, Roberson contends that the evidence to support the jury’s
findings on the enhancement paragraphs—to which she plead true—was legally
insufficient.  The enhancement paragraphs
in the indictment recite the following:

Before the commission of the offense alleged above,
(herein styled the primary offense), on JULY 8, 1991, in Cause Number 0590710,
in the 177TH DISTRICT COURT of HARRIS County, Texas, the Defendant was
convicted of the felony of POSSESSION WITH INTENT TO DELIVER A CONTROLLED
SUBSTANCE.

 

Before the commission of the primary offense, and
after the conviction in Cause Number 0590710 was final, the Defendant was
convicted of the felony of AGGRAVATED ASSAULT and was finally convicted of that
offense on AUGUST 28, 1989, in Cause Number 475567, in the 232ND DISTRICT COURT
of HARRIS County, Texas.

 

Roberson points out the obvious chronological
impossibility of the 1989 conviction occurring after the 1991 conviction.  She also acknowledges the general rule that when a defendant
pleads true to an enhancement paragraph, the State is relieved of the burden of
proving the enhancements, and the defendant cannot complain on appeal that the
evidence is insufficient to support the enhancements.  See
Harvey v. State, 611 S.W.2d 108, 111
(Tex. Crim. App. 1981).

          Roberson contends her case falls into
the Sanders exception, which allows a
defendant to challenge an enhancement if the record “affirmatively reflects”
that a prior conviction was not final.  See Sanders v. State, 785
S.W.2d 445, 448 (Tex. App.—San Antonio 1990, no pet.); see also Ex
parte Rich, 194 S.W.3d 508, 513–14 (Tex.
Crim. App. 2006).  In a 2001 opinion that
was not designated for publication, and therefore not precedential, this Court
expanded the Sanders exception in a case in which the trial court
improperly used a state jail felony as a prior conviction for enhancement.[1]  Cruz v. State, No. 01‑00‑00463‑CR,
2001 WL 1168273 (Tex. App.—Houston [1st Dist.] Oct. 4, 2001, no pet.)
(not designated for publication); see Tex.
R. App. P. 47.7(a) (allowing citation of criminal opinions not
designated for publication).  

          The
Fourteenth Court of Appeals in Mikel agreed with our statement in Cruz
that the Sanders exception applies to any case in which a defendant
pleads true to an enhancement paragraph and the record affirmatively reflects that
the prior conviction should not have been used for enhancement purposes.  Mikel, 167 S.W.3d at 559–60 (citing Cruz, 2001 WL
1168273, at *1).  The
Fourteenth Court, however, used Cruz as a basis for reversing the
sentence because “the offense did not occur in the sequence alleged by the indictment.” [2]  Mikel, 167 S.W.3d at 560.  The Mikel Court discussed a second
problem in the case, noting that even if the prior convictions were to have
been put in the proper sequence, the record revealed that the primary offense
for which the defendant was convicted was committed on January 30, 2000 and could
not have been committed after the February 9, 2000 and May 23, 2002 convictions
became final.  Id. at 559 n.2.  While this second level of error made an enhancement
under Penal Code section 12.42(d) impossible, the Fourteenth Court’s explicit
reason for reversing was the legal insufficiency of the sequence in which the
prior convictions were alleged in the indictment.  Mikel, 167 S.W.3d at 560.

          This
Court has cited Mikel for the more general proposition that we discussed
in Cruz.  See Magic v.
State, 217 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  I would distinguish Mikel and
acknowledge that the judgment in that case was correct for the reasons
discussed in footnote 2.  I also disagree
with the holding in Mikel, which is that a mere mistake in the sequence
in which prior convictions are alleged constitutes an exception to the Sanders
rule and requires that mistake to be analyzed under legal sufficiency.  See Mikel, 167 S.W.3d at 560.  But my opinion is not a basis on which to
affirm, because the Court of Criminal Appeals has expressly agreed with the
rationale of Mikel.  See Ex
parte Rich, 194 S.W.3d at 514.

          As
an intermediate appellate court, we are not free to disregard pronouncements
from higher courts.  See In re
K.M.S., 91 S.W.3d 331, 331 (Tex. 2002); Purchase v. State, 84 S.W.3d
696, 701 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  Because the Court of Criminal Appeals has
agreed with the rationale of Mikel, I believe we must follow it, even
though I welcome the Court of Criminal Appeals to reconsider its approval of Mikel.[3]

          Accordingly,
I would sustain Roberson’s first issue and would not reach the remaining
two issues that address the order that her sentence run consecutively beginning
from the completion of a prior judgment and sentence.  I would reverse the portion the judgment
regarding Roberson’s sentence and remand the case to the trial court for a new
punishment hearing.  See Tex. Code Crim. Proc.
Ann. art. 44.29(b) (West Supp. 2011).

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Justice
Sharp, dissenting.

Publish.  Tex.
R. App. P. 47.2(b).











 

[1]         Act of
May 29, 1995, 74th Leg., R.S., ch. 318, § 1,
sec. 12.42(e), 1995 Tex. Gen. Laws 2734, 2735 (former Tex. Penal Code §
12.42(e), since repealed) (prohibiting use of state jail felony for enhancement
purposes).

 





[2]         The
enhancement paragraphs were as follows:

 

          [1st ]Before the commission of the offense alleged
above (hereafter styled the primary offense) on May 23, 2002, in Cause No.
00199814, in the 16th District Court of St. Martin Parish, Louisiana, the
Defendant was convicted of the felony of attempted possession with intent to
distribute marihuana.

 

          [2nd] Before the commission of the primary offense and
after the conviction in cause number 00199814 was final, the Defendant
committed the felony offense of escape and was finally convicted of that
offense on February 9, 2000 in Cause No. 835844, in the 182nd District Court of
Harris County, Texas.

 

Mikel, 167 S.W.3d at 558.  Obviously the defendant in Mikel could
not have committed “the second” offense, which resulted in a February 9, 2000
conviction, after “the first”
offense became final on May 23, 2002.

 





[3]         I
certainly do not agree—as does the majority—that we should follow a four‑page,
no pet., nonprecedential memorandum opinion written eight months before the Mikel opinion issued, which affirmed the
defendant’s conviction based on waiver due to his failure to object in the
trial court to the indictment.  See Wilson
v. State, No. 14‑03‑00182‑CR, 2004 WL 2360011 (Tex. App.—Houston [14th Dist.] Oct.
21, 2004, no pet.) (mem. op., not designated for publication).  The author of Mikel was Justice
Seymore, who was also on the panel that decided Wilson.  In deference to our sister court of appeals
and in recognition of our duty to follow the jurisprudence of the Court of
Criminal Appeals, I do not place such great stock in Wilson’s belt‑and‑suspenders
nonprecedential dicta.