**Opinion issued June 18, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00387-CR

———————————

**MICHAEL DIAZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1391077**

---

## MEMORANDUM OPINION

Appellant Michael Diaz was charged with burglary of a habitation, with two paragraphs alleging sequential conviction of two previous felonies enhancing the punishment range to that of a habitual offender. Diaz waived his right to a trial by jury and entered a plea of not guilty. After trial to the bench, the trial court found

Diaz guilty of burglary. Diaz pleaded true to the habitual offender enhancements, and the trial court found the enhancements true and assessed his punishment at 30 years' confinement. On appeal, Diaz argues that the evidence is insufficient to prove that the second enhancement paragraph was true, and thus habitual offender enhancement was improper and he is entitled to a new punishment hearing. We agree. We affirm Diaz's conviction, but reverse the portion of the judgment assessing punishment and remand for a new punishment hearing.

## Background

On June 10, 2013, complainants Delores and Rudy Castillo left their house for work around 7:00 a.m. At 8:15 a.m., Delores received a phone call from their home alarm security company informing her that the security system had detected motion in their house. She called Rudy, who drove to the house and found that police had already arrived. The back door of the house had been kicked in, and various items had been taken, including a 55-inch television, jewelry, and a Bible.

Lieutenant J. Pedraza of the Harris County Constable's Office Precinct 6 was dispatched around noon to a pawn shop. A pawn shop employee had called the police because two men who were trying to pawn some items were behaving suspiciously. Pedraza located the men's truck and found Anthony Sustaita asleep in the passenger seat. Pedraza observed a keyboard, televisions, and a tall jewelry box in the truck.

Pedraza asked Sustaita about the items, and Sustaita told Pedraza that he was waiting for his boss who was inside the pawn shop. Pedraza went inside and found Diaz, who gave Pedraza a fake name. Pedraza detained Diaz and, after several Houston Police Department officers arrived, the officers searched the truck and found, among other things, the Bible that had been taken from the Castillos' house that morning.

Officer M. Hinojosa of the Houston Police Department took Diaz's custodial statement. Diaz was given his statutory warnings, waived his rights, and agreed to talk to Hinojosa. Diaz confessed to burglarizing the Castillos' house in a recorded statement.

After the trial court found Diaz guilty of the burglary, Diaz pleaded true to the indictment's two enhancement paragraphs:

> Before the commission of the offense alleged above, (hereafter styled the primary offense), on MARCH 26th, 2008, in Cause No. 1154681 in the 232ND DISTRICT COURT of HARRIS County, Texas, the defendant was convicted of the felony of POSSESSION OF A CONTROLLED SUBSTANCE.
>
> Before the commission of the primary offense and after the conviction in Cause No. 1154681 was final, the Defendant committed the felony of BURGLARY OF A HABITATION and was finally convicted of that offense on JUNE 11, 2009, in Cause No. 1174687, in the 232ND DISTRICT COURT of HARRIS County, Texas.

The trial court admitted Diaz's signed stipulation of evidence and copies of the judgments reflecting the two prior convictions.[1]  The trial court found the enhancements true and assessed punishment at 30 years' confinement.

## Discussion

In his sole issue on appeal, Diaz argues that he is entitled to a new punishment hearing because the evidence does not support the trial court's finding of true regarding the second enhancement paragraph.

### A.    Standard of Review

A defendant may challenge the legal sufficiency of the evidence supporting a finding that an enhancement paragraph is true, even if the appellant pleaded true to the enhancement at the punishment hearing.  *See Jordan v. State*, 256 S.W.3d 286, 292 (Tex. Crim. App. 2008) (finding that enhancement paragraph is true is subject to legal sufficiency review); *Mikel v. State*, 167 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (appellant could challenge sufficiency of evidence supporting finding that enhancement paragraph was true despite plea of true to paragraph at punishment hearing).  In reviewing such a finding, we view the evidence in a light most favorable to the trial court's ruling and determine whether any rational trier of fact could make the finding beyond a reasonable

---

[1]    Diaz also stipulated to the commission of a third felony and two state jail felonies, and judgments reflecting these convictions were also admitted.

doubt. *Mikel*, 167 S.W.3d at 560 (citing *McFarland v. State*, 928 S.W.2d 482, 496 (Tex. Crim. App. 1996)).

**B.    Applicable Law**

The primary offense in this case, burglary of a habitation, is a second degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011) (burglary of a habitation is a second degree felony). A second degree felony is punishable by a prison term of 2 to 20 years. *See id*. § 12.33(a) (West 2011). A second degree felony may be enhanced and punished as a first degree felony, with a prison term of 5 to 99 years or life, if it is shown at trial that the defendant has been previously finally convicted of a felony other than a state jail felony. *See id*. § 12.32(a) (West 2011) (first degree felony is punishable by imprisonment for 5 to 99 years or life), § 12.42(b) (West 2011) (second degree felony is punishable as first degree felony if it is shown at trial that defendant has been previously finally convicted of a felony other than a state jail felony). But if a non-state jail felony defendant has previously been finally convicted of two non-state jail felonies, and the second conviction is for an offense that was committed after the first conviction became final, then the Texas Penal Code provides that the defendant may be punished as a habitual offender. *See id*. § 12.42(d) (West 2011). In this case, the range of punishment is enhanced to 25 to 99 years or life in prison. *Id.* To support habitual offender enhancement, "'[t]he [chronological] sequence of events must be proved

as follows: (1) the first conviction becomes final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; (4) the offense for which defendant presently stands accused is committed.'" *Jordan*, 256 S.W.3d at 290–91 (quoting *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987)).

Where "the record affirmatively reflects that [an offense] should not have been used to enhance [the] punishment range to that of an habitual offender because the offense did not occur in the sequence alleged by the indictment," the evidence is insufficient to support the habitual offender enhancement even if the appellant pleaded true to the enhancement. *Mikel*, 167 S.W.3d at 559–60 (citing *Cruz v. State*, No. 01–00–00463–CR, 2001 WL 1168273, at *1 (Tex. App.—Houston [1st Dist.] Oct. 4, 2001, no pet.) (not designated for publication)).

The State bears the burden of proving beyond a reasonable doubt that a defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final. *Jordan*, 256 S.W.3d at 291. Where the State fails to meet this burden, "[a] harmless error analysis should not be undertaken" and the case should be remanded for a new punishment hearing. *Id.* (citing and quoting *Russell v. State*, 790 S.W.2d 655, 656 (Tex. Crim. App. 1990)); *see also Mikel*, 167 S.W.3d at 560 (holding harm analysis inappropriate where evidence is insufficient to support findings of true to habitual offender enhancements). This is so because "there is no way to quantify what

6

impact the unsupported finding of true had on the [factfinder's] normative sentencing function," and thus, "any attempt to calculate [the impact] would necessarily entail pure speculation." *Jordan*, 256 S.W.3d at 293. "Under these circumstances, the State's failure to meet its burden of proof, even if subjected to a harm analysis, can never be deemed harmless." *Id.*

## C.   Analysis

Diaz asserts, and the State concedes, that the record affirmatively reflects that Diaz committed the offense alleged in the second enhancement paragraph before the conviction for the offense alleged in the first enhancement paragraph became final. Diaz was convicted of the first felony enhancement in Cause No. 1154681 on March 26, 2008, according to the judgment that was admitted into evidence at the punishment hearing. The second enhancement paragraph alleged:

> Before the commission of the primary offense and after the conviction in Cause No. 1154681 was final, the Defendant committed the felony of BURGLARY OF A HABITATION and was finally convicted of that offense on JUNE 11, 2009, in Cause No. 1174687, in the 232ND DISTRICT COURT of HARRIS County, Texas.

But according to the judgment in Cause No. 1174687, which was also admitted into evidence during the punishment hearing, the offense was actually committed on July 8, 2007, over six months *before* Diaz was convicted of the offense in Cause No. 1154681. Thus, the offense in Cause No. 1174687 was not committed "after the conviction in Cause No. 1154681 was final." Accordingly, "the record

7

affirmatively reflects that [the second felony offense alleged] should not have been used to enhance [the] punishment range to that of an habitual offender because the offense did not occur in the sequence alleged by the indictment." *Mikel*, 167 S.W.3d at 559.

Diaz and the State agree that the Court of Criminal Appeals has held that "[a] harmless error analysis should not be undertaken" where, as here, the State fails to meet its burden of showing that a defendant is eligible for habitual offender enhancement. *Jordan*, 256 S.W.3d at 291 (citing and quoting *Russell*, 790 S.W.3d at 656); *see also Mikel*, 167 S.W.3d at 560 (holding that harm analysis is inappropriate where record shows that second enhancement paragraph should not have been used to enhance punishment to habitual offender range). This is because the State's failure to meet its burden "can never be deemed harmless." *Jordan*, 256 S.W.3d at 293. The State concedes that we are bound by this precedent, but complains that this rule results in the waste of judicial resources where, as here, there is evidence in the record that the appellant has committed other felonies that could have properly been used to enhance the punishment range to that of a habitual offender.

Here, a judgment admitted into evidence during the punishment hearing shows that Diaz committed a third non-state jail felony in 2010 and was convicted of that charge that same year. Thus, the State could have properly enhanced the

8

punishment range to that of a habitual offender if it had alleged the 2010 felony as the second enhancement offense.

The State argues that if Diaz had raised this issue at trial, it could have moved to amend the enhancement paragraphs to allege the proper enhancements. *See Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010) (holding that State's motion to enhance punishment filed two days before punishment phase of trial gave sufficient notice of enhancement and did not violate due process where defendant did not request continuance, appear surprised by prior conviction allegations, or argue that he was unprepared to defend against allegations); *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006) ("[W]hen a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution."). The State also notes that under *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013), if Diaz raised this claim in a writ of habeas corpus instead of on direct appeal, the Court of Criminal Appeals would deny relief because he would be unable to show harm sufficient to warrant the grant of writ relief. *See id.* at 538 (holding that where habeas record revealed valid alternative prior convictions that supported applicant's enhanced sentence, applicant failed to establish harm sufficient to warrant grant of writ relief).

Nevertheless, whether the State could have properly alleged habitual offender enhancement, it is undisputed that it did not actually do so. And whether an error may warrant habeas corpus relief is a separate question from the issue we must resolve here, which is whether we should undertake a harm analysis when this issue is raised on direct appeal. The Court of Criminal Appeals has explicitly held that we "should not" undertake a harm analysis in these circumstances and that the State's failure to meet its evidentiary burden with respect to habitual offender enhancement "can never be deemed harmless." *Jordan*, 256 S.W.3d at 291, 293. Thus, we hold that the evidence is insufficient to support the trial court's finding of true with respect to the second enhancement and the imposition of punishment as a habitual offender. *See Jordan*, 256 S.W.3d at 291; *see also Mikel*, 167 S.W.3d at 560. Accordingly, we will reverse the portion of the judgment assessing punishment and remand for a new punishment hearing. *See Mikel*, 167 S.W.3d at 560 (reversing portion of judgment assessing punishment and remanding for new punishment hearing where record affirmatively reflected that offense in second enhancement paragraph did not occur before offense in first enhancement paragraph was final and therefore punishment as habitual offender was improper).

We sustain Diaz's sole issue.

## Conclusion

We affirm the trial court's judgment as to guilt, reverse the judgment as to punishment, and remand for a new punishment hearing.


Rebeca Huddle
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).