**AFFIRMED cause number F16-00404-J; REVERSED and REMANDED cause number F16-70616-J; Opinion Filed December 13, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-01344-CR**
**No. 05-16-01345-CR**

**MARTIN CAPTILLO ZAMORA JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-00404-J, F16-70616-J**

# MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

Martin Captillo Zamora Jr. appeals his conviction for delivery of a controlled substance and possession with intent to deliver a controlled substance. In five issues, Zamora contends (1) the evidence is insufficient to support the trial court's finding of true to the enhancement paragraph in cause number F16-70616-J; (2) the trial court admonished him on the incorrect minimum range in the second case; (3) the improper admonishment rendered his guilty plea to the offense involuntary; (4) his trial counsel was ineffective for failing to challenge the enhancement paragraph; and (5) the trial court abused its discretion in admitting two exhibits. In cause number F16-70616-J, we affirm Zamora's conviction, but we remand for a new punishment hearing. In cause number F16-00404-J, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

During an undercover investigation into sales of "K2," a synthetic form of marijuana, Dallas Police Department Detective John Lising called Zamora on January 14, 2016, to buy of 2.5 ounces of K2 from Zamora. That same day, Zamora met with Detective Lising to complete the transaction. On January 21, 2016, Detective Lising called Zamora to negotiate the purchase of a larger amount of K2 and made arrangements to meet Zamora for delivery in order to arrest Zamora. On January 26, 2016, the police conducted a traffic stop and arrested Zamora at a park across from El Centro College and impounded his car. During an inventory search of his car, the police seized three bags of K2, packaging material, and two digital scales.

In two separate indictments, a grand jury indicted Zamora for delivery of a controlled substance (cause number F16-00404-J) and possession with intent to deliver a controlled substance (cause number F16-70616-J). The indictment in cause number F16-70616-J contained an enhancement paragraph stating the offense occurred on or within 1,000 feet of an institution of higher learning. Zamora pleaded guilty to both charged offenses and true to the enhancement paragraph. The trial court accepted his pleas, found the enhancement paragraph true, and assessed punishment at confinement for 20 years in cause number F16-00404-J and for 25 years in cause number F16-70616-J. During the punishment phase of trial, the State offered two exhibits, a recording of the January 14 phone call between Zamora and Detective Lising and a video recording of the drug transaction that took place on the same day. Zamora objected to the admission of both recordings, but the trial court overruled those objections and admitted both exhibits.

**DISCUSSION**

## I.      Admission of State's Exhibits

In his fifth and sixth issues, Zamora challenges the trial court's decisions to overrule his objections to exhibits offered by the State during the punishment hearing. In his fifth issue, Zamora

complains about the trial court's decision to admit about State's Exhibit 21, which is an audio recording of the January 14, 2016 phone call between Detective Lising and Zamora in which the undercover officer asked Zamora for more K2.  In his sixth issue, Zamora challenges the trial court's decision to admit State's Exhibit 22, which is a video recording of the January 14, 2016 drug buy between Zamora and Detective Lising.[1]  Defense counsel objected to both exhibits as not relevant and as cumulative.  The trial court overruled Zamora's objections and admitted both exhibits.

### A.    Standard of Review & Applicable Law

We review a trial court's ruling on the admission of evidence for abuse of discretion.  *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement.  *Id.*

Generally, all relevant evidence is admissible.  TEX. R. EVID. 402.  Rule 403, an exception to the general rule, provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."  *Pawlak v. State*, 420 S.W.3d 807, 809 (Tex. Crim. App. 2013) (citing TEX. R. EVID. 403).  Rule 403 applies even after a defendant has pleaded guilty to the charged offense.  *See Jones v. State*, 963 S.W.2d 177, 183 (Tex. App.—1998, pet. ref'd).  In conducting a rule 403 analysis, courts must balance: (1) the inherent probative force of the proffered evidence and (2) the proponent's need for that evidence, against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency to confuse or distract the jury from the main issues, (5) any tendency to be given undue weight by the jury, and (6) the likelihood that presentation of the evidence will

---

[1] Unlike his first four issues that only relate to his conviction in cause number F16-70616-J, Zamora's fifth and sixth issues relate to both cause numbers F16-70616-J and F16-00404-J.

–3–

consume an inordinate amount of time or be cumulative of other evidence. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

### B. Application of Law to Facts

When the State offered the challenged exhibits, Zamora had already pleaded guilty to the charged offenses, leaving the court only the punishment to assess. On appeal, Zamora does not argue the relevance of the exhibits and instead focuses his arguments on the assertion that the probative value of the exhibits was substantially outweighed by its needless presentation of cumulative evidence.

Zamora argues the exhibits offered no more probative value than Detective Lising's testimony about the phone call and the drug buy, which was also admitted. He also urges that the only reason the State offered the exhibits was to impermissibly inflame the judge's mind as she determined his punishment. He contends the admission of the evidence was unnecessarily time-consuming because the phone call lasted for more than one minute, the video recording lasted for nine minutes, and the State interrupted both to ask Detective Lising detailed questions about the contents of each exhibit. Finally, he argues the State did not need either the recording of the phone call or the drug buy to support his guilty plea in light of the facts that (1) the State had already offered Zamora's signed, written, and voluntary judicial confessions and (2) the undercover officer who spoke on the phone call and participated in the drug buy testified as to both events.

The State responds that the recordings were extremely relevant to Zamora's punishment, particularly in light of his testimony that he could rehabilitate himself if sentenced to community supervision or ordered to participate in drug treatment. In support of their response, the State emphasizes the tone or tenor of Zamora's conversation with the undercover officer, his familiarity with K2, his demeanor, and his ability to obtain quantities of K2, as shown in the two recordings.

From this record, we cannot conclude the probative value of either exhibit is substantially outweighed by any unfair prejudicial effect. As pointed out by the State, Zamora was eligible for community supervision and testified regarding his hope to be sentenced to drug treatment. Therefore, the two recordings were probative of whether such a sentence would be appropriate in light of his familiarity with K2, as well as his professed connections to sources of that and other controlled substances that he mentions in the video recording. With respect to the concern of unfair prejudice, Zamora does not explain how exactly the judge's mind would be inflamed by either recording—neither of which contains any content this Court would consider by its nature to be outrageous or otherwise prejudice a factfinder against Zamora. As for Zamora's concerns regarding unnecessary delay in the length of time to present the exhibits, the entire hearing lasted for more than two hours, and the amount of running time for the exhibits combined was approximately ten minutes. Further, his complaint regarding the State's pausing the video recording several times to ask questions of the undercover officer could be easily explained by the sheer volume of slang and street colloquialisms used by the participants—e.g., "plug" referring to a source of supply of controlled substances—and to explain the significance of Zamora's comments about smoke shops—i.e., that he already had two and he was attempting to open a third.

We overrule Zamora's fifth and sixth issues.

## II. Enhancement Paragraph in Cause Number F16-70616-J

In his first four issues, Zamora complains about the enhancement paragraph in the indictment for possession with intent to deliver a controlled substance.

In cause number F16-70616-J, a grand jury indicted Zamora for possession with intent to deliver a controlled substance in an amount of four grams or more but less than 400 grams, which is a first degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.113(d) (West 2017). That indictment included an enhancement paragraph stating the offense occurred in, on, or within 1,000

feet of an institution of higher learning, namely El Centro College. Section 481.134 of the health and safety code establishes enhanced punishment ranges for certain state jail felony drug offenses and certain second degree felony drug offenses if the offense is committed in, on, or within 1,000 feet of an institution of higher learning, but not for the first-degree felony offense for which Zamora was charged and convicted. *See id.* § 481.134(b) (West 2017). Section 481.134 of the health and safety code provides for enhanced punishment ranges for offenses set forth in section 481.113(d) if the offense is committed in, on, or within 1,000 feet of a school. *See id.* § 481.134(c) (West 2017). The health and safety code defines "school" as a private or public elementary or secondary school or daycare center, but not a college or other post-secondary institute of higher learning. *See id.* § 481.134(a)(2) (West 2017). For this reason, the State concedes that Zamora's punishment was not in fact subject to enhancement, contrary to the admonishment. As discussed below, it challenges the effect of the error on his appeal.

### A.      Was the Evidence Sufficient to Support the Enhancement Paragraph?

In his first issue, Zamora complains the evidence is insufficient to support the enhancement paragraph. Zamora urges that there is no way to quantify the impact of the unsupported finding of true on the trial court's normative sentencing function and cites us to a court of criminal appeals decision where a jury's finding was similarly unsupported. *Jordan v. State*, 256 S.W.3d 286, 293 (Tex. Crim. App. 2008) (remanding to the trial court for a new punishment hearing after noting that without discrete objective facts decided by a jury in assessing punishment, no way to quantify impact on sentencing). The State, as noted, concedes that the allegations in the enhancement paragraph do not constitute a drug-free zone under the statute and that thus the admonishment regarding the range of punishment was incorrect, but argues an incorrect admonishment regarding the range of punishment does not necessarily require reversal.

While neither party cites to the court of criminal appeals decision in *Hopkins v. State*, we find it to be on point. 487 S.W.3d 583, 587 n.2 (Tex. Crim. App. 2016) (favorably citing *Mikel v. State*, 167 S.W.3d 556, 561 (Tex. App.—Houston [14th Dist.] 2005, no pet.), in which "the appellant was alleged to have been finally convicted of attempted possession with intent to distribute marijuana and later committing the felony offense of escape, but the record affirmatively showed that the appellant committed the escape offense before her felony possession conviction was final."). If a defendant pleads true to an enhancement paragraph, the plea relieves the State of its evidentiary burden to prove the enhancement allegations, unless the record "affirmatively reflects" that the enhancements were improper. *See id.* at 586. In reviewing the sufficiency of the evidence to support a finding that an enhancement is "true," we view the evidence in a light most favorable to the trial court's finding and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016).

Zamora pleaded guilty to a first-degree felony offense under section 481.113(d). In order to enhance the punishment range for that offense, the State must show Zamora committed the offense in, on, or within 1,000 feet of an institution of a school. *See* HEALTH & SAFETY § 481.134(c). The record in this case contains no evidence that Zamora committed the offense in, on, or within 1,000 feet of an elementary or secondary school or a day-care center. *See id.* § 481.134(a), (c).

Because the record affirmatively reflects the enhancement was improper, the evidence was not sufficient to sustain the enhancement despite the plea of true, and we sustain Zamora's first issue. *See Hopkins*, 487 S.W.3d at 586.

Based on the same error in applying an improper enhancement in cause number F16-70616-J, in his second, third, and fourth issues, Zamora challenges the propriety of his

admonishment, the voluntariness of his plea, and the effectiveness of his trial counsel. In his second issue, Zamora seeks the same relief as for this first issue. *See Mikel*, 167 S.W.3d at 561. Therefore, we need not address this second issue. *See* TEX. R. APP. P. 47.1. As for Zamora's third and fourth issues, he seeks the greater relief of a new trial, and thus we defer our disposition of cause number F16-70616-J and proceed to address his third and fourth issues.

### B. Was Zamora's Guilty Plea Not Voluntary?

In his third issue, Zamora argues that his plea of guilty to the possession offense was rendered involuntary in violation of the due process clause because he was not admonished or otherwise informed of the correct punishment range.

The State responds that Zamora's complaint regarding the voluntariness of his guilty plea is not preserved. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004) (holding Rule 33.1 of the Texas Rules of Appellate Procedure requires an objection in the trial court to preserve all complaints except those that involve rules that are "waivable only" or "systematic" (or "absolute") requirements). The Court of Criminal Appeals of Texas rejected this argument and instead specifically held that a claim that the record is absolutely unrevealing with respect to whether a guilty plea was entered voluntarily is not subject to ordinary principles of procedural default. *See Davison v. State*, 405 S.W.3d 682, 690 (Tex. Crim. App. 2013). Accordingly, we will address Zamora's third issue on the merits.

Federal due process requires the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily. *See id.* at 686. A criminal defendant who is induced to plead guilty in a state court in total ignorance of the precise nature of the charge and the range of punishment it carries has suffered a violation of procedural due process. *Id.* When the record of a criminal conviction obtained by guilty plea contains no evidence that a defendant knew of the rights he was putatively waiving, the conviction must be reversed. *Id.* at

687. For the appellant to prevail on his constitutional claim, it is not enough that the record is unrevealing with respect to whether he was admonished by the trial court; the record must also be silent with respect to whether he was otherwise provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent. *Id.*

Here, the record reflects Zamora entered into an open plea agreement and that the signed paperwork and the trial court incorrectly admonished him that the punishment range for the offense charged was 10 to 99 years or life imprisonment. However, there is nothing in the record that would suggest Zamora would not have pleaded guilty if he had been aware of the correct minimum punishment of five years. Instead, the record reflects Zamora hoped the trial court would order him to participate in drug treatment with the understanding that he would still be under court supervision and subject to as much as a life sentence if he violated any condition the trial court set. Further, the record contains his admonishment for the first offense of delivery of a controlled substance for which he was correctly admonished as to the applicable punishment range of 5 to 99 years, or life imprisonment. Thus, we cannot conclude the record is silent with respect to whether Zamora was otherwise provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent. *See Davison v. State*, 405 S.W.3d 687.

We overrule Zamora's third issue.

### C.    Was the Assistance of Trial Counsel Ineffective?

In his fourth issue, Zamora argues his trial counsel's failure to challenge the improper enhancement paragraph constituted ineffective assistance of counsel. He argues that no plausible basis in strategy or tactics explains his trial counsel's failure to challenge the improper enhancement paragraph. He urges that this Court may infer from the five year difference between the sentences for the unenhanced offense and the enhanced offense that the trial counsel's failure to challenge the enhancement paragraph prejudiced his defense. Zamora seeks a new trial for this

alleged ineffective assistance. Although it is unclear why he believes this relief would be proper, we liberally construe his brief to argue that, but for the alleged ineffective assistance, he would not have entered a guilty plea. *See* TEX. R. APP. P. 38.9.

To determine whether a person has been deprived of effective assistance of counsel, courts apply a two pronged test requiring the defendant show (1) the legal representation fell below an objective standard of reasonableness and (2) that the deficient legal representation prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong in the guilty plea context, the defendant must show there is a reasonable probability that, but for his lawyer's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Niswager*, 335 S.W.3d 611, 614–15 (Tex. Crim. App. 2011), *abrogated in part on other grounds by Cornwell v. State*, 471 S.W.3d 458 (Tex. Crim. App. 2015).

Assuming, without deciding, Zamora met the first prong, the record does not show that, but for his trial counsel's failure to challenge the enhancement paragraph, he would not have pleaded guilty and would have insisted on going to trial. *See id.* Accordingly, we overrule Zamora's fourth issue.

## CONCLUSION

In cause number F16-70616-J, we affirm Zamora's conviction, but we reverse that portion of the judgment assessing punishment and remand for a new punishment hearing. In cause number F16-00404-J, we affirm the trial court's judgment.


/David J. Schenck/
DO NOT PUBLISH                    DAVID J. SCHENCK
TEX. R. APP. P. 47              JUSTICE

161344F.U05

–10–



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

MARTIN CAPTILLO ZAMORA JR.,
Appellant

No. 05-16-01344-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F16-00404-J.
Opinion delivered by Justice Schenck,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of December, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARTIN CAPTILLO ZAMORA JR.,
Appellant

No. 05-16-01345-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F16-70616-J.
Opinion delivered by Justice Schenck,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings pursuant to TEX. CODE CRIM. PROC. ANN. Art. 44.29(b).

Judgment entered this 13th day of December, 2017.