

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-13-00120-CR**

**HENRY LEE HUTCHINSON,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

---

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2012-1755-C2**

---

## MEMORANDUM OPINION

---

Henry Lee Hutchinson was convicted of aggravated assault and sentenced to 75 years in prison. *See* TEX. PENAL CODE ANN. §22.02 (West 2011). Because, based on the issues presented for review, we find no error in the trial court's judgment; the trial court's judgment is affirmed.[1]

**IMPARTIAL JUDGE**

In his first issue, Hutchinson contends that he was denied a right to an impartial

---

[1] Hutchinson does not raise an issue regarding the sufficiency of the evidence. Thus, the underlying facts of this appeal will not be recited.

judge during the punishment phase of his trial. Specifically, Hutchinson argues that the trial court violated Hutchinson's right to due process during the punishment phase of the trial by becoming an advocate for the State when the trial court allegedly "corrected" the State's proof of its enhancement allegations.

Hutchinson complains about a statement made by the trial court during the punishment phase of the trial and outside the presence of the jury. The portion of the statement about which Hutchinson complains is emphasized in the entire exchange set out as follows:

> Court: Certainly. I do want the record to reflect we've had several conversations off the record with the attorneys in this case regarding the issue of the Enhancement Allegation in the indictment and the Enhancement Allegations in the Notice to Enhance. And *I brought it to the attorney's* [sic] *attention that* – up here at the bench at some point in time, maybe shortly after they read their Enhancement Allegations[2] that *I did not think it was pled* – while it may have been read a certain way, *I don't think it's pled in any one document the two previous felony convictions that the State was electing to proceed* on had been pled *that they were sequential*, because they are alleged in two separate documents. And, um, *we've had some discussions regarding that issue. The State has now decided to abandon the Enhancement allegation* that they read in the – that's been alleged in the indictment, and the State is also asking permission to, um, once the defense rests, to read additional allegations into the record and have the defendant enter a plea to those. Is that – I'm not trying to put words in your mouth –
>
> State: No, Your Honor, that's –

---

[2] The record reflects that after the State read the enhancement allegations, the court called the "attorneys" to the bench for a discussion off the record. Because it appears that the attorneys for both sides were called to the bench, we believe the reporter's use of the word "attorney's" in this sentence is in error; thus our use of the phrase, "[sic]."

Court: – is that a fair representation?

State: Yes, Your Honor.

Court: [], is that a fair representation?

Defense: That is a fair representation, Your Honor.

Court: Okay. All right, then. And I'll go ahead and let you know, ***I do plan to allow the State to read any additional allegations they wish to.***

Hutchinson argues that the italicized portion of the statement shows the trial court was biased because it took actions to assist the State.

"'[A] fair trial in a fair tribunal is a basic requirement of due process.'" *Weiss v. United States*, 510 U.S. 163, 178 (U.S. 1994) (*quoting In re Murchison*, 349 U.S. 133, 136, 99 L. Ed. 942, 75 S. Ct. 623 (1955)). A necessary component of a fair trial is an impartial judge. *Id.*; *Tumey v. Ohio*, 273 U.S. 510, 532, 71 L. Ed. 749, 47 S. Ct. 437 (1927).

Initially, we note that Hutchinson did not object to this alleged error. After supplemental briefing on the issue of preservation, Hutchinson argues that this type of error was not required to be preserved because the Court of Criminal Appeals has recognized that "certain constitutional restraints on the comments of a judge" have been held to be absolute requirements and not subject to the preservation rule. *See Saldano v. State*, 70 S.W.3d 873, 888-889 (Tex. Crim. App. 2002). Hutchinson is correct that "certain constitutional restraints on the comments of a judge" have been held to be absolute requirements and not subject to the preservation rule. However, the only

judicial comments that have been found to be error which required no objection were those iterated in the Court's opinion in *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000).

In *Blue*, the appellant complained about (1) the trial court's comments to the jury, prior to jury selection, apologizing for the delay in the process and complaining about the defendant's indecision as to whether to take the State's plea bargain offer or go to trial; and (2) the trial court's explanation of why a defendant might not testify. *Id*. 130. In this situation, four judges of the Court of Criminal Appeals held that these comments tainted the presumption of innocence before the jury and required no objection. *Id*. at 132. A fifth judge held that the trial court's comments violated the right to an impartial judge. *Id*. at 135 (opinion of Keasler, J.). But since that opinion issued, the Court of Criminal Appeals has not expanded upon the types of comments by a trial court which would require no objection. It has, however, limited the value of the opinions in *Blue* to those of minority opinions, such as a concurring opinion. *Unkart v. State*, 400 S.W.3d 94, 101 (Tex. Crim. App. 2013). Thus, the opinions in *Blue* have no precedential value. *Id*.

The statement in this case was not made before the jury or before it had decided Hutchinson's guilt or innocence. It certainly does not rise to the level of a taint on the presumption of innocence as found by four judges in *Blue*. Because the Court of Criminal Appeals has not extended its plurality holding in *Blue* to comments of a trial court other than those that taint the presumption of innocence, we decline to do so as

well.[3]

Accordingly, because Hutchinson did not object, he has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1. Hutchinson's first issue is overruled.

## *SUA SPONTE* ACTIONS

Hutchinson next complains that the trial court abused its discretion by *sua sponte* reopening the punishment hearing after both sides rested so that the State could read a new combination of enhancement allegations.

Hutchinson clearly takes issue with the court's ability to *sua sponte* reopen the evidence. However, the trial court did not *sua sponte* reopen the evidence. Rather, the trial court recited on the record that the State had asked permission to read additional enhancement allegations in the record and have Hutchinson enter a plea to those allegations. Both the State and Hutchinson's counsel agreed with the trial court's recitation. Hutchinson objected to allowing the State to reopen the evidence. The trial court overruled the objection. The State then clarified that it was not asking to reopen, but to read the allegations on rebuttal. Hutchinson objected that the allegations were improper rebuttal evidence. That objection was also overruled.

Whether by rebuttal or reopening, the State requested to introduce more evidence. The trial court did nothing *sua sponte*. This issue is without merit, and

---

[3] And, had counsel believed the trial court to be biased, the "error" of the court could have been corrected by a motion to recuse, the failure of which to file has been held in the civil context to waive any complaint on appeal of a trial court's bias. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998).

Hutchinson's second issue is overruled.

**PRIOR CONVICTIONS**

In his third issue, Hutchinson contends the State's use of the prior conviction in trial court number 79-220-C was improper because (1) it violated his rights under the *ex post facto* clause; and (2) the record shows it was not a final conviction.

In support of his *ex post facto* argument, Hutchinson relies on the indictment and plea agreement, which are not a part of this record on appeal, from a 1983 Hill County judgment.[4] Hutchinson attached the indictment and plea agreement to his brief and to a motion to supplement the record. We cannot consider evidence or documents outside the appellate record unless it is necessary to determine our jurisdiction. *See Sabine Offshore Service, Inc. v. Port Arthur*, 595 S.W.2d 840 (Tex. 1979) ("Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction."); *Pierce v. State*, No. 10-09-00320-CR, 2010 Tex. App. LEXIS 5323, *3-4 (Tex. App.—Waco July 7, 2010, no pet.) (mem. op.). Because consideration of the indictment and plea agreement to the 1983 judgment are not necessary to a determination of our jurisdiction, we will not consider them. Hutchinson's motion to supplement the record is denied, and this portion of his third issue is overruled.

Next, Hutchinson complains that the conviction in trial court number 79-220-C

---

[4] This judgment is in the record.

was not a final conviction. The record shows that Hutchinson pled true to the enhancement paragraph alleging the conviction in trial court number 79-220-C. Generally, a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the right to appeal the insufficiency of evidence to prove the prior conviction. *Roberson v. State*, PD-0917-12, 2013 Tex. Crim. App. LEXIS 1690, *13 (Tex. Crim. App. Nov. 20, 2013) (publish) (citing *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006)). A recognized exception to this rule is when the record affirmatively reflects that the enhancement itself was improper, such as the prior conviction was not final. *Id.*; *Mikel v. State*, 167 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Hutchinson claims that because the judgment in trial court number 79-220-C, rendered on August 14, 1979, shows that he was sentenced to 6 years in prison and other documents show he was received at the prison the next day, and the order revoking probation in trial court number 3112 indicates that he violated his probation in that conviction on December 8, 1979, four months later, Hutchinson must have been placed on probation in trial court number 79-220-C after being received by the prison. And thus, his argument continues, because he must have been placed on probation, the conviction in trial court number 79-220-C was not final.

There is nothing in the record that *affirmatively* shows Hutchinson was placed on probation in trial court number 79-220-C. Hutchinson merely speculates that he was

placed on probation because the offense in trial court number 3112 occurred four months after Hutchinson arrived at prison for trial court number 79-220-C. This is not enough to call the exception to the general rule into play. Thus, because the record does not affirmatively show that the judgment in trial court number 79-220-C was not final, Hutchinson's plea of true to that enhancement allegation forfeits the complaint he now makes.

Hutchinson's third issue is overruled.

In his fourth and final issue, Hutchinson complains that because the enhancement paragraph alleging the conviction in trial court number 79-220-C was not legally available for use as an enhancement, its use tainted the State's use of the other two enhancement paragraphs. We overruled Hutchinson's arguments regarding the legality of the enhancement paragraph alleging the conviction in trial court number 79-220-C. Therefore, its use could not have tainted the State's use of the other two enhancement paragraphs. Hutchinson's fourth issue is overruled.

CONCLUSION

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 17, 2014
Do not publish
[CRPM]